**Carl BROWN, Appellant,**

v.

**UNITED STATES of America.**

**No. 99–5767.**

United States Court of Appeals, Third Circuit.

Argued March 4, 2002.

Opinion Filed April 18, 2002.

Lisa Van Hoeck, (Argued) Assistant Federal Public Defender, Trenton, NJ, for Appellant.

George S. Leone, (Argued) Chief Appeals Division, United States Attorney, Newark, NJ, for Appellee.

Before ALITO, RENDELL, and HALL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Carl Brown, who is serving a 22 year sentence after pleading guilty to a violation of 21 U.S.C. § 841(a)(1), appeals an order of the District Court for the District of New Jersey denying his motion to vacate his sentence under 28 U.S.C. § 2255 without an evidentiary hearing. Brown contends that his counsel provided ineffective assistance of counsel regarding his decision to plead guilty. More specifically, he alleges that his counsel failed to explain that he was subject to the career offender enhancement under the Sentencing Guidelines and told him that he would receive no greater than a ten year sentence if he pled guilty. Brown contends that this deficient advice led him to accept a plea bargain instead of proceeding to trial. For the reasons stated below, we hold that Brown's petition does not raise a facially valid claim of ineffective assistance of counsel during plea bargaining, and we therefore affirm the Order of the District Court.

### I.

On July 26, 1994, Brown was indicted by a grand jury for possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of crack cocaine with the intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. § 860.

On November 1, 1994, acting upon the advice of counsel, Brown pled guilty, pursuant to a plea agreement with the government, to count one of the indictment charging him with possession with the intent to distribute in excess of 50 grams of crack cocaine.

The plea agreement stated that the applicable base level would be level 34 unless Brown was determined to be a career offender under U.S.S.G. § 4B1.1. It also specified the applicable sentence range of "a mandatory minimum penalty of 10 years imprisonment, a maximum penalty of life imprisonment and a $4,000,000 fine." Appendix at 5b. In his guilty plea application, Brown acknowledged that "the Court will not be able to determine the guideline sentence for my case until after the Presentence Report has been completed," and "the judge has the authority to impose a sentence more severe (up to the statutory maximum) . . . than the sentence called for by the guidelines." Appendix at 5h. He further stated that he understood that he had "no right to withdraw [his] plea on the ground that anyone's prediction as to the guideline range or expectation of sentence proves inaccurate." *Id.* The Presentence Report indicated Brown should be classified as a career offender. Appendix at 29.

Prior to accepting Brown's guilty plea, the District Court conducted a Rule 11 colloquy under oath. At Brown's plea colloquy, the District Court fully explained the terms and stipulations of the guilty plea. The District Court informed Brown that under the plea agreement he was subject to a minimum penalty of 10 years imprisonment and a maximum penalty of life imprisonment. Brown stated he understood the Court.

On February 3, 1995, Brown was sentenced to 262 months imprisonment and five years of supervised release. Brown was designated as a career offender under Sentencing Guideline § 4B1.1. The District Court calculated Brown's total offense level at 32 and his criminal history category at VI.

Brown appealed his sentence, arguing that the career offender designation overstated the seriousness of his criminal record and that his counsel was ineffective when he failed to rely expressly on U.S.S.G. § 4A1.3 and applicable case law

to support this position. On May 29, 1995, we affirmed the judgment and conviction without prejudice to Brown's right to raise counsel's alleged ineffectiveness in an appropriate motion before the District Court. See *United States v. Brown*, 72 F.3d 124 (3d Cir.1995) (table).

On June 17, 1996, Brown filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing his sentencing counsel was ineffective for failing to rely expressly on U.S.S.G. § 4A1.3 in his downward departure motion. Brown sent a pro se motion to amend/supplement his motion to vacate, raising two new factual assertions: (1) that counsel advised him prior to the acceptance of his plea that no sentence greater than a 10 year term of imprisonment would be imposed and (2) that counsel did not advise him that he could be classified as a career offender under the Sentencing Guidelines. He further maintained that, on this advice, he pled guilty and that had counsel correctly advised him of his likely classification as a career offender and sentence exposure, he would have elected to go to trial. On December 30, 1998, the District Court granted leave for Brown's counsel to file a supplemental notice of motion. On May 28, 1998, Brown's counsel filed a supplemental notice of motion and supplemental memorandum of law, repeating Brown's allegations in his pro se motion to amend. The government filed a supplemental letter, and the District Court denied the original and supplemental 28 U.S.C. § 2255 petitions on July 26, 1999. See *Brown v. United States*, 75 F.Supp.2d 345 (D.N.J.1999).

Brown brought this appeal challenging the denial of the petitions on September 21, 1999. On October 24, 2000, we issued an order granting a certificate of appealability and directed the parties to show cause as to why the case should not be remanded to the District Court for a hearing on Brown's claims. After considering the responses, we determined that summary action was inappropriate, and this appeal followed.

## II.

When a petitioner makes a motion under 28 U.S.C. § 2255, the decision to order a hearing is committed to the "sound discretion of the district court." *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). When making this determination, the District Court must accept as true all nonfrivolous allegations in the petition and order a hearing unless the record as a whole conclusively shows that the petitioner is entitled to no relief. See e.g. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000); *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir.1988). We review the District Court's denial of a hearing request for an abuse of discretion. *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

## III.

A defendant claiming ineffective assistance of counsel must satisfy the two-pronged test announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To do so, the defendant must show "(1) his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms, and (2) there is a 'reasonable probability that, but for counsel's unprofessional errors, the result would have been different.'" *United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992) citing *Strickland*, 466 U.S. at 687–96, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Supreme Court has held that the same two-part test applies to ineffective assistance claims arising out of the plea

process. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Both Strickland prongs must be satisfied. See *United States v. Nino*, 878 F.2d 101, 104 (3d Cir.1989). Thus, if a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing. If, however, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under Strickland, then further factual development in the form of a hearing is required. *Dawson*, 857 F.2d at 927.

The District Court determined that the record conclusively demonstrated "that petitioner's allegations that his counsel advised that he could only get ten years if he pled guilty, and failed to advise that he could get career offender status, are patently frivolous." Brown, 75 F.Supp.2d at 359. The Court referenced the plea agreement letter signed by Brown that expressly stated that there was a 10 year mandatory minimum sentence and that his base offense level would be 34 unless he was determined to be a career offender under Sentencing Guideline § 4B1.1. The Court also noted that the Pretrial Services Report listed several qualifying convictions, and that, at the plea colloquy, Brown stated under oath that he had read and signed the plea agreement after discussing the case thoroughly with his counsel.

Brown never complained at sentencing that he had not been advised he would be subject to career offender status, and did not raise this issue on direct appeal or in his counseled § 2255 motion. The issue was first raised in a pro se unverified supplement to the counseled motion, in which he contended that he was told he would be sentenced to no more than 10 years and was not advised that he could be sentenced as a career offender.

We will not disturb the District Court's ruling that Brown's claim was clearly lacking in merit. Brown's unsworn, unsupported allegations, in the face of a clear record conveying contrary information, do not give rise to a right to a hearing. See *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 n. 12 (3d Cir.1991). The sentencing judge could easily have found that Brown's contentions were incredible given the record, especially considering the strong presumption of verity afforded to statements made in connection with a plea colloquy, and Brown's conduct at sentencing.

Accordingly, we find no abuse of discretion, and we therefore affirm the District Court.