**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1325
_____

AARON HENDERSON,
                                        Appellant

v.

ATTORNEY GENERAL PENNSYLVANIA; DISTRICT ATTORNEY
ALLEGHENY COUNTY; SUPERINTENDENT HOUTZDALE SCI
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. No. 2-17-cv-00839)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 16, 2024

Before:  JORDAN, BIBAS, and AMBRO, *Circuit Judges*

(Filed: February 12, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Aaron Henderson appeals an order of the District Court denying his petition for habeas relief from a state murder conviction. Henderson argues that his petition should have been granted because his constitutional right to effective assistance of counsel was violated when his trial counsel failed to call an expert witness, even though the kind of testimony Henderson says he was entitled to was prohibited under state law at the time. For the reasons that follow, we will affirm.

## I.    BACKGROUND[1]

In December of 2011, following a four-day jury trial, Henderson was convicted of murdering Justin Strothers-Owens. More specifically, he was found guilty of first-degree murder and recklessly endangering another person, and he was sentenced to mandatory life imprisonment without parole on the murder charge and to a consecutive one to two years' term imprisonment on the reckless endangerment charge. "The crucial piece of evidence linking Henderson to the murder was the eyewitness testimony of Rhonda Johnson, who positively identified Henderson as the shooter." (App. at 8.) Henderson appealed his conviction to the Pennsylvania Superior Court, which affirmed his sentence in December of 2013. Subsequently, the Superior Court denied Henderson's application

---

[1] These facts come from the Pennsylvania Superior Court's opinion denying Henderson postconviction relief, and from the Magistrate Judge's report and recommendation to the District Court. *Commonwealth v. Henderson*, No. 15 WDA 2016, 2017 WL 2214744 (Pa. Super. Ct. May 18, 2017); *Henderson v. Att'y Gen. of Pa.*, No. 17-CV-0839, 2022 WL 18542311 (W.D. Pa. Dec. 1, 2022), *report and recommendation adopted*, No. 17-CV-0839, 2023 WL 1444212 (W.D. Pa. Feb. 1, 2023).

2

for reargument en banc, and Henderson filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied in July of 2014.

Henderson then petitioned for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), alleging that his trial attorney was ineffective for failing to call an expert witness to testify about the questionable reliability of eyewitness identification. At the time of his trial, Pennsylvania law "barr[ed] expert testimony on the issue of identification at trial[.]" (App. at 40.) Henderson's trial counsel's "sole reason" for not retaining an expert witness to testify about eyewitness identification "was that the law at the time made such testimony inadmissible." (App. at 184.) However, in April of 2011, approximately seven months before Henderson's trial, the Pennsylvania Supreme Court granted a petition for appeal in a case called *Commonwealth v. Walker* and said that it would consider whether a trial court should have discretion to permit expert testimony relating to eyewitness identification. 17 A.3d 921 (Pa. 2011).

In May of 2014, while Henderson's petition for allowance of appeal was still pending and his judgment of sentence was not yet final, the Pennsylvania Supreme Court issued its decision in *Walker*, holding that "the admission of expert testimony regarding eyewitness identification is no longer *per se* impermissible" in Pennsylvania. *Commonwealth v. Walker*, 92 A.3d 766, 792-93 (Pa. 2014). In so doing, it joined more than 44 other jurisdictions permitting such testimony. *Id.* at 792. Thus, while at the time of Henderson's trial Pennsylvania law prohibited expert testimony regarding eyewitness identification, the Pennsylvania Supreme Court had also granted argument on the issue.

3

Henderson's trial counsel was not aware of that grant but, had he been, he would have "retained an expert and called that expert at trial." (App. at 184.)

The PCRA court dismissed Henderson's petition and the Superior Court, in a 2-1 decision, denied Henderson's claims on the merits. Henderson argued that his trial counsel should have tried to call an identification expert just to preserve the issue for appeal, but the Superior Court held that Henderson's trial counsel was not ineffective for failing to call an expert witness who would have been barred from testifying under the law at the time of trial. It reasoned that, "[i]f counsel is not ineffective for failing to introduce such testimony, it defies logic to credit that we could find counsel ineffective for failing to preserve the same issue for appeal." (App. at 42.) The Pennsylvania Supreme Court subsequently denied allowance of appeal. *Commonwealth v. Henderson*, 181 A.3d 1071 (Pa. 2018) (unpublished table decision).

Henderson then filed a petition for habeas relief in the District Court under 28 U.S.C. § 2254, asserting the same claim for ineffective assistance of counsel that he had brought before the PCRA court. The Magistrate Judge assigned to the case recommended denying the § 2254 petition, concluding that the Pennsylvania Superior Court's denial of relief was not contrary to, or an unreasonable application of, clearly established federal law. After Henderson filed objections, the District Court adopted the Magistrate Judge's Report and Recommendation and denied his petition.

Henderson timely appealed. We granted a certificate of appealability on the issue of whether the District Court erred in denying Henderson's claim that trial counsel "was

ineffective for failing to preserve a claim regarding the admissibility of expert testimony on eyewitness identification." (App. at 3.)

## II.    DISCUSSION[2]

Like the District Court, our review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, habeas relief is not available for any "claim that was adjudicated on the merits" in state court unless that adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court[,]" or was founded on an "unreasonable determination of the facts[.]"[3] 28 U.S.C. § 2254(d). Henderson argues that the Pennsylvania Superior Court's ruling that his trial counsel was "not ineffective because[,] under prevailing Pennsylvania law[,] the expert would not have been permitted to testify[,]" was a "misapplication of *Strickland* [*v. Washington*, 466 U.S. 668 (1984),]" (Opening Br. at 31), which established the test for ineffective-

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. "Because the District Court ruled on [Henderson's] habeas petition without conducting an evidentiary hearing, our review of its legal conclusions is plenary." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009).

[3] There is no dispute that the Pennsylvania Superior Court addressed Henderson's ineffective assistance of counsel claim on the merits. Because the Pennsylvania Supreme Court denied allowance of an appeal without any explanatory opinion, *Commonwealth v. Henderson*, 181 A.3d 1071 (Pa. 2018) (unpublished table decision), we analyze, or "look through" to, the last-reasoned decision, which was the Pennsylvania Superior Court's opinion. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193, 1195 (2018) (concluding "that federal habeas law employs a 'look through' presumption[,]" in which the federal court "'look[s] through' the silent state higher court opinion to the reasoned opinion of a lower court in order to determine the reasons for the higher court's decision").

assistance-of-counsel claims. In other words, he focuses on the "unreasonable application of … federal law" as the basis for claiming a right to habeas relief. 28 U.S.C. § 2254(d)(2). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Even if a federal court "concludes in its independent judgment that the state-court decision applied a Supreme Court case incorrectly[,]" that is not enough to issue a writ of habeas corpus. *Blystone v. Horn*, 664 F.3d 397, 417 (3d Cir. 2011) (internal quotation marks omitted). A petitioner must also "show that the state court applied that case to the facts of his case in an objectively unreasonable manner." *Id.* (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Under this highly deferential standard, we will not surmise whether the state court reached the best or even the correct result in [a] case; rather, we will determine only whether the state court's application of [federal law] was unreasonable." *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 544 (3d Cir. 2014) (internal quotation marks omitted; alterations in original). Accordingly, we must affirm the District Court's denial of habeas relief unless the Superior Court's ruling on Henderson's ineffective assistance of counsel claim "was so lacking in justification [under existing Supreme Court precedent] that there was an error well understood and comprehended in existing law

6

beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Henderson has not met his burden to show such an error occurred.

To succeed on his ineffective assistance of counsel claim, Henderson must demonstrate that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. *Strickland*, 466 U.S. at 687-96. Courts "strongly presume[]" that counsel's conduct was reasonable, and we evaluate conduct "from counsel's perspective *at the time*." *Id.* at 689-90 (emphasis added).

"[T]here is no general duty on the part of defense counsel to anticipate changes in the law." *Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996) (internal quotation marks omitted). At the time of Henderson's trial, Pennsylvania barred, without exception, expert testimony on eyewitness identifications. *Walker*, 92 A.3d at 780. On that basis, the Superior Court concluded that Henderson's trial attorney was not ineffective: the "trial court would have been constrained to deny any attempt to submit such evidence to the jury[,]" and trial counsel cannot be "deem[ed] … ineffective for failing to assert a meritless claim[.]" (App. at 39.)

Henderson argues that his trial counsel "fail[ed] to act because of his ignorance of a point of law." (Reply Br. at 2.) He relies on *Hinton v. Alabama*, 571 U.S. 263, 274 (2014), which held that "[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." But Henderson's reliance on *Hinton* is misguided. His trial counsel was not ignorant on a point of law.

7

Trial counsel accurately understood the law at the time – expert testimony concerning eyewitness identification was inadmissible. He affirmed in his affidavit that the law was the "sole reason" he "did not retain an expert to consult with or testify about the eyewitness identification testimony presented in th[e] case." (App. at 184.) Therefore, Henderson's trial counsel could not have been deficient for being "ignoran[t]" of a point of law because he knew the pertinent point of law.

Henderson also argues that while "there is no general duty on the part of defense counsel to anticipate changes in the law[,]" (Opening Br. at 25-26 (quoting *Sistrunk*, 96 F.3d at 670-71)), this is the "rare case" in which counsel's performance can be unreasonable for not attempting to admit evidence that would have been inadmissible in order to maintain the issue for appeal. (Opening Br. at 27.) He cites *Government of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), in which we said, "[o]nly in a rare case can an attorney's performance be considered unreasonable under prevailing professional standards when she does not make an objection which could not be sustained on the basis of the existing law[,] as there is no general duty on the part of defense counsel to anticipate changes in the law." In *Forte*, trial counsel was deficient for failing to raise a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), while that case was pending before the Supreme Court. But we also clearly explained that our holding was "very narrow" due to the "unique circumstances" of the case and that it "should not be broadly read." *Forte*, 865 F.2d at 62, 63. In fact, we did not reach the issue of whether a higher court's pending decision alone was sufficient to demonstrate deficient performance. Instead, we concluded that counsel in *Forte* was deficient in part because

8

she failed to honor her client's specific and reasonable request to preserve his rights under the pending case:

> [W]e are not holding that the trial attorney could be held to be ineffective if she had not on her own, even if she had known that *Batson* was pending, failed to object to the prosecutor's challenges[,] as we do not reach that issue. It is the fact that she failed to honor [her client's] quite reasonable request that she make an objection to preserve his rights under a case then pending in the Supreme Court that has led us to conclude that, assuming the allegations in his motion to be true, she was ineffective.

*Id.* at 63. Therefore, *Forte* is not the support Henderson thinks it is.

Ultimately, we need not determine whether Henderson's is a "rare case" when counsel may be deemed deficient for failing to preserve an issue that was unavailing at the time but was pending before a higher court. Neither *Forte* nor the out-of-circuit cases Henderson cites are "clearly established" law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). Thus, even if we were to hold (and we do not) that Henderson's trial attorney had a duty to preserve the eye-witness-identification issue for appeal, we cannot say that the Pennsylvania Superior Court's decision on the facts of this case was an unreasonable application of *Strickland.*

As discussed, there is no general duty for counsel to anticipate changes in the law. *Sistrunk*, 96 F.3d at 670. Trial counsel accurately understood the relevant law at the time of Henderson's trial and tried the case in accordance with that law. Therefore, the Superior Court's holding that trial counsel was not deficient for failing to introduce inadmissible testimony was not unreasonable.

Because we hold that the Superior Court's holding that trial counsel was not deficient under the first prong of *Strickland* was not unreasonable, we need not reach the

9

prejudice prong, "as both deficiency and prejudice must be proven to support a valid claim for relief for ineffective assistance of counsel." *United States v. Travillion*, 759 F.3d 281, 294 (3d Cir. 2014).

## III.    CONCLUSION

For the foregoing reasons, we will affirm.