

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2008

# USA v. Lilly

Precedential or Non-Precedential: Precedential

Docket No. 06-2613

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lilly" (2008). *2008 Decisions.* Paper 748.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/748

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  06-2613

_____

UNITED STATES OF AMERICA

v.

CLAYTON LILLY,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00144)
District Judge: Honorable Alan N. Bloch

_____

Argued April 15, 2008

_____

Before: AMBRO, FISHER, and MICHEL,[*] Circuit Judges

_____

[*]Honorable Paul R. Michel, Chief Judge, United States
Court of Appeals for the Federal Circuit, sitting by designation.

(filed: July 28, 2008)

Lisa B. Freeland, Esquire (Argued)
   Federal Public Defender
Office of Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA   15222-0000

        Counsel for Appellant

Mary Beth Buchanan
   United States Attorney
Kelly R. Labby
   Assistant U.S. Attorney
Robert L. Eberhardt  (Argued),
   Executive Assistant U.S. Attorney
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA   15219-0000

        Counsel for Appellee

_____

OPINION OF THE COURT
_____

AMBRO, <u>Circuit Judge</u>

   Clayton Lilly appeals to us from the District Court's

2

denial of his petition for *habeas corpus*. He argues that the District Court should have granted him an evidentiary hearing to develop his claim that his counsel was ineffective in failing to advise him adequately about waiving his right to a jury trial. We disagree, and thus affirm the petition's denial.

I.

In 2001, law enforcement officials began investigating Lilly after they received information from a confidential informant that he was selling crack cocaine over the counter of the clothing store he owned and operated. After police observed Lilly engage in a variety of drug transactions, they applied for a warrant to search him, his store, and his car. To avoid destruction of evidence, police detained Lilly while waiting for the search warrant. Upon executing the warrant, police found crack cocaine in Lilly's store as well as in his car and on his person. Lilly then stated, "It's hard selling these clothes. The guys aren't buying these clothes. I have to support myself." Lilly was arrested. Police subsequently secured a search warrant for Lilly's home, where they discovered large amounts of crack cocaine. The combined searches yielded 162.54 grams of crack cocaine.

A grand jury indicted Lilly for possession with intent to distribute in excess of 50 grams of a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Prior to trial, Lilly's attorney, William E. Stockey, Esq., filed a motion to suppress the evidence police had

seized. Because the evidence in support of the motion to suppress was almost identical to the evidence that would be presented at trial, the parties allegedly agreed to proceed with a non-jury trial where the District Court would hear the evidence on the suppression motion and the trial together. However, Lilly and his attorney did not sign a written waiver of his jury-trial right pursuant to Federal Rule of Criminal Procedure 23(a) until some six weeks after the non-jury trial was completed, but before the District Court rendered a verdict.

In November 2001, the District Court conducted a one-day joint pre-trial hearing and non-jury trial where it heard all of the evidence. At the beginning of the proceedings, the Court confirmed with the parties their intent to have a non-jury trial:

> The Court: I think the record should show that both the government and the defendant have requested a non-jury trial; is that correct?
>
> [Government] That's correct for the government, Your Honor.
>
> Mr. Stockey: Correct for the defendant, Judge.

Mr. Lilly was present for this interchange, but he did not speak up, nor did the Court ask him directly to confirm his desire to waive a jury trial.

The Court then heard evidence on the suppression motion

4

and the case simultaneously. The Government based its case on the cocaine that police had seized in its searches of Lilly's person, business, car, and home. Lilly conceded that the searches had yielded a large quantity of cocaine, but argued that the search warrants were unsupported by probable cause because the police officers and the confidential informant were not credible. He further argued that the Government had not established beyond a reasonable doubt that Lilly was guilty because, among other things, it had not called the confidential informant to testify, nor had it established that Lilly had the lavish lifestyle one would expect of a drug dealer.

After hearing all of the evidence, the Court found the police officers to be credible and denied Lilly's motion to suppress. In late December 2001, the Court issued its findings of fact and found Lilly guilty. At sentencing, the Pre-Sentence Investigation Report classified Lilly as a career offender under the United States Sentencing Guidelines, giving him a Guidelines range of 360 months to life imprisonment. Lilly filed a motion for downward departure on the basis that the career-offender designation overrepresented his criminal history. The Court granted the motion and sentenced Lilly to a 188-month term of imprisonment.

Lilly appealed his conviction. Stockey, his trial counsel, initially represented Lilly on appeal, but then withdrew because Lilly and his family could no longer afford his representation. Our Court appointed new appellate counsel. We affirmed Lilly's conviction in March 2003.

In March 2004, Lilly filed a *pro se habeas* petition under 28 U.S.C. § 2255.  In it, Lilly alleged, *inter alia*, that Stockey had been ineffective in failing to advise him of his right to a jury trial and in failing to obtain from him a written, signed waiver of that right.  Lilly further alleged that Stockey had "tricked" him into signing the written waiver six weeks after trial.

One month after filing the initial *pro se* petition, Lilly filed a supplemental *pro se habeas* petition alleging that he was denied his constitutional right to a jury trial when his counsel waived it without his consent.[1]  He further asserted that the District Court would have learned all of this had it conducted a colloquy with him directly before accepting his waiver.  The Government filed a single response to both petitions contending that Lilly had been informed of his right to a jury trial and had knowingly and voluntarily waived it.

The District Court treated Lilly's multiple filings as a single, all-inclusive § 2255 petition so that Lilly would not run afoul of the Antiterrorism and Effective Death Penalty Act (AEDPA)'s prohibition on filing second or successive *habeas* petitions.[2]  The District Court also appointed *habeas* counsel.

---

[1] Lilly subsequently made two further supplemental filings in his § 2255 action, but these raised issues not relevant to this appeal.

[2] AEDPA amended § 2255 to "bar[] second or successive habeas petitions absent exceptional circumstances and

While Lilly's petition was pending before the District Court, his trial counsel submitted a voluntary affidavit stating that he had informed Lilly of his right to a jury trial and that Lilly had waived it. In pertinent part, the affidavit stated:

> 3. I am aware that Mr. Lilly has filed a Motion to Vacate under 28 U.S.C. § 2255 . . . . I am also aware that Mr. Lilly claims that I did not advise him of his right to a jury trial in the present case.

> 4. I did inform Mr. Lilly that he had a right to trial by jury. On September 28, 2001 and at subsequent meetings I also advised him to waive that right and proceed with a bench trial.

> 5. Mr. Lilly took my advice. He knowingly and willingly waived his right to jury trial. In fact, he even signed a written waiver of his right to jury trial that I filed with this court before a verdict was entered in this case.

The District Court concluded that an evidentiary hearing

---

certification by the appropriate court of appeals. . . . To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions." *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999).

was not necessary and denied Lilly's § 2255 petition in its entirety. With regard to Lilly's claims about his waiver of a jury trial, the District Court understood him to be making two distinct arguments that his counsel was ineffective (1) in failing to advise him that he had a right to a jury trial, and (2) in failing to have him sign a written Rule 23(a) waiver of a jury trial before trial began. The Court found that the record belied Lilly's assertion that he was never advised of his right to a jury trial. Specifically, it reasoned that Lilly's signed waiver post-trial, his trial counsel's affidavit saying that Lilly had knowingly and willfully waived a jury trial, and the District Court's pre-trial oral confirmation of Lilly's waiver "demonstrate[d] indisputably that [Lilly] was well-aware of his right to a jury trial." *United States v. Lilly*, 2006 WL 566499, at *4 (W.D. Pa. 2006). The District Court continued that Lilly "simply cannot get a second chance with a jury after taking his chances with the Court based on a self-serving claim, wholly refuted by the record, that he was not advised of his right to a jury trial." *Id.*

With regard to Lilly's claim about the timing of the written waiver, the Court held that Rule 23(a) does not require that a written jury-trial waiver be filed at any particular time. Thus filing the waiver after trial but before verdict was appropriate. Even assuming that the late waiver showed incompetence by Lilly's attorney, the Court found no prejudice because it had orally confirmed the waiver with Lilly's counsel prior to trial in Lilley's presence.

Finally, the Court noted that it was under no duty to

8

conduct an on-the-record colloquy with Lilly prior to accepting his waiver of the jury-trial right. *See United States v. Anderson*, 704 F.2d 117, 119 (3d Cir. 1983). As will be discussed below, while an on-the-record colloquy is preferred, it is not constitutionally required. *Id.*

Lilly filed a motion for reconsideration on the jury-waiver claim, which the District Court denied. In the opinion and order denying reconsideration, the Court considered whether Lilly's petition could be read as raising a due process claim in addition to an ineffective assistance of counsel claim—namely, that his waiver was not knowing, intelligent, and voluntary. The Court went on to find Lilly's due process claim procedurally defaulted because he had failed to raise it on direct appeal.

Lilly filed a timely notice of appeal and a request for a certificate of appealability with our Court. In his counseled application for a certificate of appealability, he renewed his ineffective assistance and due process claims. We granted a certificate of appealability on the ineffective assistance claim, reasoning that jurists could disagree with the District Court's holding that Lilly's counsel was ineffective if he failed to advise Lilly properly of his right to a jury trial and could debate whether the Court should have conducted an evidentiary hearing before denying the claim. We declined to issue a certificate of appealability on the due process claim because it was procedurally defaulted, as it was not raised on direct appeal.

9

## II.

The District Court had jurisdiction over Lilly's § 2255 petition pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). "In a federal habeas corpus proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1997). We review the District Court's denial of an evidentiary hearing in a *habeas* case for abuse of discretion. *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005).

## III.

Lilly's sole contention on appeal is that the District Court abused its discretion in not granting an evidentiary hearing on his claim that counsel was ineffective for failing to advise him properly of his right to a jury trial.[3] While the District Court has discretion to conduct an evidentiary hearing on a § 2255 claim, exercise of that discretion has been constrained by our case law. *See id*. "The District Court is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.*

_____

[3] Lilly does not appear to renew on appeal his claim that his counsel was ineffective for failing to file the signed waiver of a jury trial until six weeks after the bench trial (though before the verdict was rendered by the District Judge).

10

(quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). This is not a high bar for *habeas* petitioners to meet. *See id.* Moreover, "[i]n considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Id.* (quoting *Forte*, 865 F.2d at 62).

With this in mind, the District Court's decision not to hold an evidentiary hearing will be an abuse of discretion unless it can be conclusively shown that Lilly cannot make out a claim for ineffective assistance of counsel. It is well-established that the standard for judging ineffective assistance of counsel comes from *Strickland v. Washington*, 466 U.S. 668 (1984): Lilly must show (1) that his counsel's performance was deficient; and (2) that he was prejudiced by it. *Id.* at 687; *Booth*, 432 F.3d at 546. To succeed on the first prong, Lilly must show that his counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *see also Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000). To prove prejudice, Lilly must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Lilly asserts that his counsel was ineffective in not explaining to him what waiving a jury trial meant, such that his waiver was "not 'done with sufficient awareness of the relevant circumstances and likely consequences.'" Appellant's Br. 22 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). He

11

further asserts that he was prejudiced by his attorney's failure because, but for the alleged ineffective assistance, he would not have waived his right to a jury trial.

Our Court has "endorsed the practical suggestion in *Strickland* [that we may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *Booth*, 432 F.3d at 546 (quoting *United States v. McCoy*, 410 F.3d 124, 132 n.6 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). We again follow that suggestion here.

Lilly argues that the relevant prejudice inquiry is whether he would have opted for a jury trial over a bench trial had his counsel adequately informed him of this constitutional right. He grounds his argument on *Hill v. Lockhart*, 474 U.S. 52 (1985), where the Supreme Court applied *Strickland* in the context of a defendant's decision to plead guilty. There the Court explained that the requisite showing for prejudice is "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Lilly argues that the guilty plea context is an appropriate analog to the present context, and thus we should find prejudice if it can be established that he would have insisted on a jury trial if he had been adequately advised. The Government disputes Lilly's reliance on *Hill* and

suggests that the proper inquiry is whether, "in the absence of counsel's advice, another fact finder (i.e., a jury) would have been reasonably likely to arrive at a different outcome . . . ." Gov't Br. 25. This argument accords with *Strickland*, where the Supreme Court defined the defendant's burden in establishing prejudice as a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, *the result of the proceeding* would have been different." *Strickland*, 466 U.S. at 694 (emphasis added).

In determining whether prejudice exists we must assume, absent some allegation to the contrary, "that the judge or jury acted according to law." *Id.* Moreover, "[t]he assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncracies of the particular decisionmaker, such as unusual propensities toward harshness or leniency." *Id.* at 695. Here, the Government's evidence was more than sufficient for either a judge or jury, acting in accordance with law, to find Lilly guilty. The Government put on evidence of numerous drug sales and Lilly's own incriminating statement. Lilly has not presented any evidence that the judge was biased or that the trial was conducted in a manner that was unfair. In this context, he has not demonstrated a "reasonable probability" that the proceeding would have been different had he not waived his right to a jury trial on advice of counsel.

In so holding, we are mindful of the limits of the

13

certificate of appealability in this case. We are not deciding whether Lilly's waiver of his right to a jury trial was knowing and voluntary as a matter of due process because that claim was procedurally defaulted when it was not raised on direct appeal. We are merely considering whether Lilly was entitled to an evidentiary hearing on his claim that counsel was ineffective in advising him to waive his right to a jury trial. Because Lilly has failed to establish that this advice prejudiced him in a way that "undermine[s] confidence in the outcome," *Strickland*, 466 U.S. 694, we conclude that the District Court did not abuse its discretion in declining to hold an evidentiary hearing before denying his claim.

IV.

As a final matter, we observe for future cases that much of the doubt in this case could have been avoided had the District Court conducted a thorough, on-the-record colloquy with Lilly directly before accepting his attorney's statement that Lilly wished to waive his right to a jury trial. While no such colloquy is required under Rule 23(a) or constitutional law, *see United States v. Anderson*, 704 F.2d 117, 119 (3d Cir. 1983), one can be helpful to assure that a criminal defendant is properly advised of his right to be tried by a jury. This also helps insulate a jury-trial waiver from later attack by a defendant who claims he did not fully understand the nature of the right before he forfeited it. As has been noted, an on-the-record colloquy will "create a record capable of withstanding subsequent challenges, satisfy the court's responsibility, facilitate intelligent appellate

14

review, conserve scarce judicial resources, and enhance the finality of criminal convictions." *United States v. Martin*, 704 F.2d 267, 274 (6th Cir. 1983). While we are mindful that our colleagues in the District Courts face large dockets, we believe the burden of conducting a waiver colloquy is far outweighed by the benefits. As the Court of Appeals for the Ninth Circuit aptly put, "[t]here is ... every reason for district courts to conduct a colloquy ... and no apparent reason for not doing so." *United States v. Cochran*, 770 F.2d 850, 852 (9th Cir. 1985).

Some form of waiver colloquy has been endorsed by the Courts of Appeals for the First, Second, Fourth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits, as well as by our own. *See United States v. Leja*, 448 F.3d 86, 96 (1st Cir. 2006) ("[H]ad the court in open court spoken directly to the defendant himself on the record, rather than just with counsel, this would have reinforced the judge's subsequent observations that the defendant had assented to his counsel's waiver of a jury trial."); *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) ("[W]e suggest the district courts individually inform each defendant, on the record, of the fundamental attributes of a jury trial before accepting a waiver."); *Anderson*, 704 F.2d at 119 ("[W]e believe that a colloquy between the district judge and the defendant is preferable to the mere acceptance by the court of a written waiver and the filing of it in the record of the case."); *United States v. Boynes*, 515 F.3d 284, 286 (4th Cir. 2008) ("[Though not a constitutional imperative, i]t is much preferable for a district court to [assure] itself on the record before accepting the defendant's jury waiver . . . ."); *Martin*, 704 F.2d at 274 ("We

15

implore the district courts to personally inform each defendant of the benefits and burdens of jury trials on the record prior to accepting a proffered waiver."); *United States v. Rodriguez*, 888 F.2d 519, 527 (7th Cir. 1989) ("[While not constitutionally required, a colloquy] should occur before the court accepts a waiver of the right to trial by jury."); *Cochran*, 770 F.2d at 853 ("Like the Sixth Circuit, we 'implore' district courts to [conduct a waiver colloquy.]"); *United States v. Robertson*, 45 F.3d 1423, 1432 (10th Cir. 1995) ("In recognition of the importance of a colloquy between the defendant and district court regarding the decision to waive the right to trial by jury, we join those circuits that . . . strongly urge district courts personally to inform each defendant of the nature of jury trials on the record before accepting a proffered waiver."); *United States v. David*, 511 F.2d 355, 361 (D.C. Cir. 1975) ("Many courts—including our own—have indicated that trial judges would be well-advised to directly question the defendant in all cases to determine the validity of any proffered waiver of jury trial.").

The District Court is, of course, free to fashion the colloquy in the way it sees fit. *See Anderson*, 704 F.2d at 119 ("[W]e shall continue to rely on the district courts to employ the means most appropriate to a particular case in order to [e]nsure that a defendant's waiver of the right to a trial by jury is knowingly and intelligently made."). Courts may gain guidance from *Martin*, which explains:

At a minimum, a defendant should be informed that a jury is composed of 12 members of the community, he

16

may participate in the selection of jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right.

704 F.2d at 274–75; *see also United States v. Delgado*, 635 F.2d 889, 890 (7th Cir. 1981). Moreover, it behooves the District Judge to conduct the colloquy with the defendant himself, rather than his attorney, to avoid later conflict between the defendant and his attorney as to what the defendant actually understood. *See* 2 Charles Alan Wright, *Federal Practice & Procedure: Criminal* § 372 (3d ed. 2000). What we suggest now, as we and other circuit courts have done in the past, is what we believe best to assure that jury-trial waivers are knowing and voluntary.

\*\*\*

In this context, we affirm the District Court's dismissal of Lilly's § 2255 petition without an evidentiary hearing.