**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2904
_____

EDDY CALISSE CHERYS,

Appellant

v.

UJNITED STATES OF AMERICA

_____

On Appeal from the District Court
for the Virgin Islands
(Civ. No. 01-cv-00213)
District Judge: Honorable Curtis V. Gómez
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on
December 14, 2010

Before: MCKEE, *Chief Judge*; FUENTES, and SMITH, *Circuit Judges*

(Opinion Filed: January 10, 2011)

Fuentes, *Circuit Judge*:

Eddy Calisse Cherys appeals the denial of his habeas corpus petition under 28

U.S.C. § 2255 challenging his conviction pursuant to 21 U.S.C. §§ 841(a)(1) and 846 for

possession of cocaine with intent to distribute. For the reasons given below, we vacate

the order denying Cherys's petition and remand to the District Court to hold an evidentiary hearing on Cherys's claim of ineffective assistance of counsel.[1]

## I.

Because we write primarily for the parties, we set forth only the facts and history that are relevant to our conclusion. While in the Guaynabo Metropolitan Detention Center in late September 1998 awaiting trial in federal court on charges of conspiracy to possess cocaine with intent to distribute, Eddy Cherys had a psychotic episode. A few days later, the prison arranged for him to see a psychiatrist, Dr. Gomez, who prescribed Risperdal (an atypical anti-psychotic) and another, unidentified medication (apparently psychiatric), which Cherys consented to take. Dr. Gomez diagnosed Cherys as having schizoaffective disorder, bipolar type, and noted that he was delusional. Cherys claims that on the following day, a corrections counselor informed Cherys's trial counsel that Cherys had had a psychotic episode and had been moved to a special unit and given medication as a result. Cherys claims that he also informed his trial counsel of this personally at some point before trial. However, at no point did trial counsel seek a competency hearing or otherwise raise before the trial court the possibility that Cherys was not competent to stand trial.

Cherys's trial then began on October 5. It lasted five days. He was convicted on two counts. Cherys claims he remained delusional for the following month. In November, he had another psychotic episode and was taken to the emergency room.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255; we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Three days later, Dr. Gomez examined him and observed schizoaffective and delusional states of mind. He consented to take lithium (a mood stabilizer) and Depakote (another anti-psychotic).

In 2000, Cherys appealed his sentence. In 2001, we reversed his conviction on one count and affirmed it on another. Later in 2001, Cherys raised several issues in a *pro se* § 2255 petition, including ineffective assistance of trial counsel for her failure to seek a competency hearing. The district court denied his petition in 2008 without holding an evidentiary hearing, relying on Cherys's remarks to his probation officer (as recorded in his presentence report) that he was taking Depakote and another drug "for depression that he has been experiencing since his conviction" and that he had no prior history of mental illness. Without making a finding that Cherys's claims that his trial counsel was informed of his episode by both a corrections counselor and himself were not credible, the district court concluded that his trial counsel had no "reason to doubt [his] competence to stand trial," the standard under *United States v. Haywood*, 155 F.3d 674, 680 (3d Cir. 1998). The district court also denied a certificate of appealability. We later granted a certificate of appealability on the issue of the appropriateness of denying an evidentiary hearing.

## II.

Cherys argues that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim. We review a denial of an evidentiary hearing on a § 2255 petition for abuse of discretion. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008).

3

28 U.S.C. § 2255 provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and making findings of fact . . . with respect thereto." In the context of an ineffective assistance of counsel claim presented in a § 2255 petition, a district court must therefore determine whether, considering as true all "nonfrivolous" factual claims, the petitioner "states a colorable claim for relief" under *Strickland v. Washington,* 466 U.S. 668 (1984)—that is, that counsel's performance was deficient and that this deficiency prejudiced the petitioner. *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988). This standard is liberal. "[A] district court's failure to grant an evidentiary hearing when the files and records of the case are *inconclusive* on the issue of whether movant is entitled to relief constitutes an abuse of discretion." *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (emphasis added); *Lilly*, 536 F.3d at 195 ("[T]he District Court's decision not to hold an evidentiary hearing will be an abuse of discretion unless it can be conclusively shown that [petitioner] cannot make a claim for ineffective assistance of counsel.").

Mysteriously, in opposing Cherys's appeal, the United States relies on the standard articulated in *Townsend v. Sain*, 372 U.S. 293 (1963). This citation is simply misplaced, as that case deals with *state* habeas claims, of the kind now resolved under 28 U.S.C. § 2254. *Id.* at 295-97. The standard for granting an evidentiary hearing in a petition under § 2254 is nearly the inverse of that for petitions under § 2255. In a collateral challenge to a conviction in state court, the district court is not *permitted* to hold an evidentiary hearing to develop the factual basis of a claim unless the petitioner

4

meets a highly restrictive standard.  28 U.S.C. § 2254(e)(2).   The standard articulated in cases like *Dawson* and *McCoy* hinges on an analysis of the entirely different language in § 2255.  *See, e.g., McCoy*, 410 F.3d at 134 ("If [petitioner] . . . alleges any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court was obliged to follow *the statutory mandate* to hold an evidentiary hearing.") (emphasis added).   The United States does not attempt to distinguish, or even mention, the *Dawson* line of cases, but they control this case.

We nonetheless must consider whether Cherys has met the *Dawson* standard, and we find that the District Court did indeed err in refusing to hold an evidentiary hearing. Initially, we note that Cherys's claims do not appear to be frivolous.  The District Court did not make such a finding, and, in the absence of any contradictory evidence in the record, his assertions that a corrections official notified his trial counsel of his documented psychotic episode, which occurred shortly before the trial was to begin, and that he himself mentioned the episode to his attorney, are plausible, at the very least.  The District Court's reliance on a presentence report which could only have been available to trial counsel *after* the trial to determine what trial counsel knew *at the time of* trial was inappropriate.  And even if Cherys's comments in his presentence report cast some doubt on his current claims regarding his mental illness during his imprisonment, under the circumstances, the report cannot be taken as so reliable as to render actually frivolous Cherys's claims of mental illness.

Assuming that his nonfrivolous factual claims are true, as we must under *Dawson*, Cherys has raised at least a colorable claim for ineffective assistance of counsel arising

5

from his trial attorney's failure to seek a competency hearing. First, counsel's performance may have been deficient. A trial attorney should seek a competency hearing whenever she has "reason to doubt [her client's] competence to stand trial." *Haywood*, 155 F.3d at 680. Given the short period between Cherys's psychotic episode and the beginning of trial, and lacking any evidence in the record that Cherys had recovered, if trial counsel had been informed of the episode, then she certainly had reason to doubt his competence to stand trial. Thus, he has made out a colorable claim that trial counsel's performance was deficient.

As for the second *Strickland* prong, prejudice, there is at least a colorable claim that trial counsel's failure to request a competency examination prejudiced Cherys. We have noted that a failure by counsel "to deal appropriately with the likelihood that [a defendant] was incompetent to stand trial" can give rise to a "reasonable probability" that the defendant was prejudiced. *Hummel v. Rosemeyer*, 564 F.3d 290, 305 (3d Cir. 2009). The standard here, a "colorable" claim, is considerably lower. Therefore, Cherys has adequately established the possibility that he was prejudiced by his trial counsel's allegedly deficient performance. While we take no position at this stage on the merits of Cherys's claim of ineffective assistance of counsel, we believe he is entitled to an evidentiary hearing in order to develop it fully.

**III.**

For the reasons given above, we remand to the District Court for an evidentiary hearing on Cherys's claim of ineffective assistance of trial counsel.

6