**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3278
_____

VALENTIN CEDENO,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3:09-cv-06395)
District Judge: Honorable Garrett E. Brown, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2011
_____

Before:  FUENTES and CHAGARES, Circuit Judges and POGUE, Judge.[1]

(Filed:  December 15, 2011)
_____

OPINION
_____

CHAGARES, Circuit Judge.

        Valentin Cedeno appeals the District Court's denial of his motion to vacate his

conviction of conspiracy to commit robbery.  For the reasons that follow, we will affirm.

_____

[1] Honorable Donald C. Pogue, Chief Judge, United States Court of International Trade,
sitting by designation.

I.

We write solely for the parties' benefit and recite only the facts essential to our disposition.

In April 2005, Cedeno and several co-conspirators robbed a jewelry store in Boca Raton, Florida. Cedeno was apprehended and charged with conspiracy to commit robbery and robbery in violation of the Hobbs Act, 18 U.S.C. §§ 1951 and 2. On August 12, 2005, he pleaded guilty to both charges in the United States District Court for the Southern District of Florida. The District Court subsequently sentenced him to a 65-month term of incarceration. After prevailing on direct appeal in the Court of Appeals for the Eleventh Circuit, Cedeno was resentenced to 51 months in prison.

Meanwhile, investigators in New Jersey identified Cedeno as part of a Newark-based group that committed "smash-and-grab" robberies of retail jewelry stores up and down the East Coast. In July 2008, a federal grand jury sitting in the District of New Jersey returned a superseding indictment that charged members of the group with conspiracy to commit robbery from July 2003 to September 2005 in violation of 18 U.S.C. § 1951(a); robbery in violation of 18 U.S.C. §§ 1951 and 2; and receipt of stolen goods in violation of 18 U.S.C. §§ 2315 and 2. The indictment alleged that Cedeno participated in the conspiracy (count 1); committed robberies in Sanford, Florida in January 2004 and Buford, Georgia in March 2004 (counts 7 and 8); and received stolen goods (count 9). Named as a co-conspirator in the New Jersey indictment, among others, was Angel Concepcion, an individual also named as a co-conspirator in the Florida indictment.

The Hobbs Act conspiracy and robbery charges each carried a statutory maximum of 20 years in prison, while the receipt of stolen goods charge carried a statutory maximum of 10 years in prison. Cedeno's counsel and the Government entered into plea negotiations and eventually arrived at an agreement under which Cedeno would plead guilty to the conspiracy charge in exchange for dismissal of the remaining charges. The parties also agreed to argue for a sentence within the range recommended for offense level 24 of the United States Sentencing Guidelines. Included in the plea agreement was the following waiver of certain appellate rights: "Cedeno . . . voluntarily waives[] the right to file any appeal, any collateral attack, or any other writ or motion . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines . . . offense level of 24." In accordance with the plea agreement, Cedeno pleaded guilty in the United States District Court for the District of New Jersey to conspiring to commit robbery and the court sentenced him to a 57-month term of incarceration, within the parties' agreed-upon range. Cedeno did not appeal the sentence.

In December 2009, Cedeno sought collateral relief in the District Court pursuant to 28 U.S.C. § 2255. He contended that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his attorney failed to challenge the New Jersey indictment on double jeopardy grounds and advised him to plead guilty to a conspiracy charge possibly barred by the Double Jeopardy Clause of the Fifth Amendment. Cedeno's theory was that the conspiracy alleged in the New Jersey indictment was the same conspiracy for which he already stood convicted by his guilty plea in the Southern District of Florida.

3

The District Court denied the petition. It reasoned that Cedeno knowingly and voluntarily entered into the plea agreement and that the waiver clause foreclosed review of his conviction. Holding Cedeno to his waiver, the court concluded, would not result in a miscarriage of justice because the Southern District of Florida and the New Jersey indictments alleged two different conspiracies to commit robbery.[2] Absent a colorable claim that the Double Jeopardy Clause would preclude prosecution under the second indictment, the District Court held, Cedeno's ineffective assistance of counsel claim was without merit. The court did not hear argument or hold an evidentiary hearing.

Cedeno filed a timely appeal. We remanded to the District Court to determine whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253. Concluding that Cedeno had failed to make a substantial showing of the denial of a constitutional right, the District Court declined to issue the certificate of appealability. Cedeno thereafter sought a certificate of appealability from this Court. We appointed appellate counsel and granted a certificate of appealability on the following questions:

> 1) whether Cedeno's counsel was constitutionally ineffective in advising him to plead guilty to a charge that may have implicated double jeopardy concerns, and whether any such ineffectiveness rendered the plea agreement, including its waiver provision, invalid; and 2) if the plea was valid, whether there was a double jeopardy violation and, if so, whether enforcing the waiver provision would result in a 'miscarriage of justice' . . . .

---

[2] To determine whether the two conspiracies were in fact the same offense for double jeopardy purposes, the District Court applied the totality of the circumstances test set forth in United States v. Liotard, 817 F.2d 1074, 1078 (3d Cir. 1987). It considered whether the two conspiracies shared overlapping locations, dates of commission, personnel, and overt acts. Appendix 8-11 (citing Liotard, 817 F.2d at 1078). Concluding that three of the four factors indicated that Cedeno was charged with participating in two distinct conspiracies, the District Court found that the second conspiracy charge did not raise double jeopardy concerns.

4

II.

The District Court had jurisdiction over Cedeno's § 2255 petition pursuant to 28 U.S.C. § 1331. It issued final judgment on July 2, 2010. We granted a certificate of appealability on January 13, 2011, and have jurisdiction over the appeal pursuant to 28 U.S.C. §§ 1291, 2253 and 2255(d). "In a federal habeas corpus proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008).

III.

In its memorandum urging the District Court to deny Cedeno's § 2255 petition, the Government argued that Cedeno waived his right to seek collateral review. The District Court agreed and construed the waiver provision in Cedeno's plea agreement to preclude his § 2255 motion. On appeal, the Government candidly concedes that its construction of the waiver provision, accepted by the District Court, was mistaken. By the plain terms of the agreement, Cedeno waived certain rights to seek collateral review of the sentence imposed by the sentencing court, but he did not waive the right to challenge the legal basis of the conviction itself. Cf. United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001) ("[W]aivers of appeals should be strictly construed.").

The Government also concedes that, had Cedeno timely raised a double jeopardy defense, he would have been entitled to a hearing on whether the two conspiracies charged were in fact the same offense. United States v. Inmon, 594 F.2d 352, 353 (3d Cir. 1979) (per curiam). In the hearing, the Government would have borne the burden of

5

establishing by a preponderance of the evidence that the Double Jeopardy Clause did not require dismissal of the second conspiracy charge. United States v. Inmon, 568 F.2d 326, 331-32 (3d Cir. 1977). In light of this concession, the parties now agree that the District Court was mistaken in concluding that Cedeno lacked a colorable double jeopardy claim prior to his second guilty plea.

The upshot of the Government's position is that we must consider Cedeno's § 2255 petition on the merits. Accordingly, we turn to the question whether defense counsel's advice to Cedeno to plead guilty to a conspiracy charge possibly barred by the Double Jeopardy Clause constitutes ineffective assistance of counsel.

IV.

The Supreme Court announced the standard for judging ineffective assistance of counsel claims in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, a defendant must show (1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that his counsel's deficiencies caused prejudice such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. A slightly modified version of Strickland's two-part test applies to ineffective assistance of counsel claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985); United States v. Orocio, 645 F.3d 630, 638 (3d Cir. 2011). To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 U.S. at 59.

6

The Government argues that notwithstanding the District Court's erroneous reasoning, we should affirm the denial of the motion to vacate because Cedeno cannot demonstrate that his counsel's performance was deficient or caused him to suffer prejudice. Even if Cedeno had a colorable double jeopardy defense, the Government maintains, defense counsel was not constitutionally deficient because he secured Cedeno a favorable plea deal. Nor, in the Government's view, can Cedeno establish prejudice because even if he prevailed on a double jeopardy challenge to the conspiracy charge, he was nonetheless subject to the two Hobbs Act robbery charges and the receipt of stolen goods charge.

"Our Court 'has endorsed the practical suggestion in Strickland [that we may] consider the prejudice prong before examining the performance of counsel prong because this course of action is less burdensome to defense counsel.'" Lilly, 536 F.3d at 196 (quoting United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quotation marks omitted)); see also Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). We opt to follow that approach here.

Had defense counsel secured dismissal of the conspiracy charge, the Hobbs Act charges arising out of the Sanford, Florida and Buford, Georgia robberies and the receipt of stolen goods charge would have remained. See United States v. Felix, 503 U.S. 378, 389 (1992) ("[A] substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes."). If Cedeno had gone to trial and been convicted of those charges, his maximum statutory sentencing exposure was 50 years in

7

prison. Following Cedeno's guilty plea, however, the District Court imposed a 57-month term of incarceration, a favorable sentence given the gravity of the charges.

Cedeno does not deny his involvement in the robberies or his receipt of stolen goods. The failure to disavow those charges supports the Government's contention that he would have been convicted had the case gone to trial. See Premo v. Moore, 562 U.S. —, 131 S. Ct. 733, 745 (2011) (suggesting that a defendant's failure to deny involvement in the underlying crime counsels against a finding of prejudice). Nor does he contest the strength of the Government's evidence on the three remaining charges or represent that he would have opted to go to trial on those charges had the District Court dismissed the conspiracy charge.[3]

Cedeno has not established a reasonable probability that, had he known that the conspiracy charge was susceptible to a double jeopardy challenge, he would not have pleaded guilty to one of the three remaining charges and would have insisted on going to trial. See Lockhart, 474 U.S. at 59. Consequently, the errors made by defense counsel, if any, were not prejudicial. Absent a showing that defense counsel's advice prejudiced the outcome of the case, Cedeno's ineffective assistance of counsel claim must fail.[4] We

---

[3] Cedeno's brief asserts that "had he been advised on the significant meritorious defense of double jeopardy . . . he would have insisted that counsel zealously challenge the New Jersey indictment, and certainly would not have pled guilty to Count One of the New Jersey Indictment." Cedeno Br. 11. Nowhere does he insist that he would not have pleaded guilty to any of the three remaining charges.

[4] We have not considered whether defense counsel renders deficient performance by advising a defendant to plead guilty to a charge possibly barred by the Double Jeopardy Clause in order to secure a favorable plea agreement. In view of Cedeno's inability to establish prejudice, we reserve the question for another day.

therefore will affirm the District Court's denial of the § 2255 motion on the alternative basis that Cedeno was not deprived of his right to the effective assistance of counsel. <u>See United States v. Sanchez</u>, 562 F.3d 275, 279 (3d Cir. 2009) ("An appellate court may affirm a result reached by the District Court on different reasons, as long as the record supports the judgment.").[5]  In light of this conclusion, we need not address the remaining questions certified in the certificate of appealability.

V.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] Because Cedeno cannot prevail on his ineffective assistance of counsel claim, we need not consider his cursory request for an evidentiary hearing "to explore trial counsel's 'strategy' in not raising" the double jeopardy defense. Cedeno Br. 11.  An ineffective assistance of counsel claim that clearly fails to establish prejudice does not merit an evidentiary hearing. <u>See</u> <u>Lilly</u>, 536 F.3d at 197 ("Because [the defendant] has failed to establish that [defense counsel's] advice prejudiced him in any way . . . , we conclude that the District Court did not abuse its discretion in declining to hold an evidentiary hearing before denying his claim.").