NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3152
_____

UNITED STATES OF AMERICA

v.

ALFONSO F. CARTER,
                              Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 0314-1:1-99-cr-00099-001)
District Judge: Honorable Yvette Kane

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Tuesday, January 24, 2012

Before: McKEE, *Chief Judge*, FISHER, and GREENAWAY, Jr., *Circuit Judges*

(Opinion Filed: May 1, 2012)
_____

OPINION OF THE COURT
_____


McKEE, *Chief Judge*.

        Alfonso Carter appeals the District Court's denial of his petition for a writ of

*habeas corpus*.  Although Carter attempts to frame several issues for appeal, the

Certificate of Appealability that this Court granted after the District Court denied his

claim for *habeas* relief was limited to a single issue.  That issue is whether the District

Court erred in denying his *habeas* petition without a hearing on his claim that counsel was constitutionally ineffective for failing to object to his career offender designation at sentencing.  For the reasons that follow, we will affirm.

**I.**

Since we write primarily for the parties, we need not recite the underlying facts or procedural history of this appeal.

The Pre-Sentence Report that was completed after Carter pled guilty to possession with intent to distribute cocaine and cocaine base classified him as a career offender under § 4B1.1 of the Sentencing Guidelines.  That classification was based on two 1993 controlled substance convictions and one 1998 simple assault conviction.  However, Carter also had another controlled substance conviction in state court in 1999.[1] Thereafter, Carter filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. The District Court denied that motion without an evidentiary hearing and this appeal followed.

**II.**

28 U.S.C. § 2255 requires the district court to hold an evidentiary hearing before ruling "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  "In considering a motion to vacate a defendant's sentence, the court must accept the truth of the movant's factual allegations unless they are clearly frivolous

---

[1] Although, the 1999 conviction was subsequently vacated by the Pennsylvania Superior Court, it was eventually reinstated.

on the basis of the existing record." *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (alteration omitted) (quotation marks and citation omitted).

Carter's claim for *habeas* relief arises from the District Court's conclusion that he should be sentenced as a career offender.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). When applying § 4B1.1, two prior convictions must be "counted separately under the provisions of §4A1.1(a), (b), or (c)." *Id.* § 4B1.2(c)(2). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." *Id.* § 4A1.2(a)(2).

Carter claims that the record does not indicate whether he committed his second offense before or after he was arrested for his initial offense. His second conviction in 1993 was for delivering cocaine to a minor. Carter argues that the record does not indicate when he delivered the cocaine to the minor and that he could have delivered the cocaine to the minor prior to his first arrest, which occurred in July of 1992.

However, the record clearly indicates that Carter delivered the cocaine to the minor on October, 10, 1992, the same day the minor sold the cocaine to an undercover officer, i.e., October 10, 1992, after his first arrest. PSR 31 Moreover, as noted by the District Court, Carter had a third controlled substance conviction in 1999, which also

3

qualifies as a predicate conviction for his career offender designation. Thus, even if the two 1993 convictions counted as one conviction for purposes of § 4B1.1, Carter's career offender designation still would have been proper. Accordingly, the District Court did not need to hold an evidentiary hearing to determine the merit of Carter's *habeas* petition.

**III.**

For the reasons stated above, Carter's counsel was not ineffective in failing to object to the career offender designation, and the District Court did not abuse its discretion in denying Carter's § 2255 motion without an evidentiary hearing. We shall affirm the Order of the District Court.