**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2657
_____

UNITED STATES OF AMERICA

v.

EUGENE PARKER,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:05-cr-00702-001)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted under Third Circuit LAR 34.1(a)
on June 26, 2015


Before:  CHAGARES, KRAUSE and BARRY, *Circuit Judges*.


(Opinion filed: August 4, 2015)

_____

OPINION[*]

_____



KRAUSE, *Circuit Judge*.


---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7

Eugene Parker appeals the order of the United States District Court for the Eastern District of Pennsylvania denying his motion to vacate his sentence under 28 U.S.C. § 2255. Because Parker was not prejudiced by the alleged ineffective assistance of his trial counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), we will affirm.

## I.    **Background**

Parker was arrested in August 2005 at approximately 5:30 a.m. while standing alone on a street corner in West Philadelphia, carrying three packets of cocaine, five packets of crack cocaine, two packets of heroin, a loaded semi-automatic firearm, and $1,170 in cash. At trial, the Government relied on the testimony of the two arresting officers to establish the details of the arrest and the items confiscated from Parker, and expert testimony from Philadelphia Police Detective Charles Meissler, who testified that simultaneous possession of cocaine, crack cocaine, and heroin was consistent with drug distribution rather than personal use.

A jury convicted Parker of three counts of possession of narcotics with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Parker was sentenced to 360 months' imprisonment, six years of supervised release, and a special assessment of $500.

---

does not constitute binding precedent.

After we granted Parker's motion to voluntarily dismiss his direct appeal, he filed a pro se § 2255 motion to vacate his sentence, alleging that his trial counsel provided ineffective assistance because he failed to object to Detective Meissler's testimony as inadmissible ultimate opinion evidence under Federal Rule of Evidence 704(b). The District Court initially denied the motion as time-barred. On appeal, the Government conceded that Parker's § 2255 motion was not time-barred, and we vacated the order of the District Court dismissing Parker's appeal. *United States v. Parker*, 416 F. App'x 132 (3d Cir. 2011). On remand, Parker filed a counseled § 2255 motion, again alleging ineffective assistance of counsel for failing to object on Rule 704(b) grounds. The District Court denied Parker's motion. Parker appeals, arguing that his trial counsel was deficient for not objecting on Rule 704(b) grounds and that his counsel's deficiency prejudiced his defense.

## II. <u>Jurisdiction and Standard of Review</u>

The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. "In a federal habeas corpus proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (quoting *Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1997)). "We review the District Court's decision *de novo* because both the performance and prejudice prongs of ineffective assistance of counsel claims present mixed questions of law and fact." *United States v. Cross*, 308 F.3d 308, 314 (3d Cir. 2002).

3

## III. Discussion

To prove ineffective assistance of counsel in violation of the Sixth Amendment, a criminal defendant must show both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. We need only negate one prong to reject a *Strickland* claim, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697; *see also United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (endorsing "the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong"). We therefore confine our analysis to determining whether counsel's alleged deficiency prejudiced Parker's defense.

To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This requires a defendant to demonstrate a "substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)) (internal quotation marks omitted). To make this determination, we must consider the totality of the evidence at trial: The greater the support for a verdict in the record, the less likely it is that the verdict was affected by errors of counsel. *Strickland*, 466 U.S. at 696.

The District Court, in denying relief, held that Parker was unable to show "even the slightest probability that the outcome of the proceeding would have been different"

4

because of the ample circumstantial evidence supporting conviction. (App. 12.)[1] We agree. Even discounting Detective Meissler's testimony discussing the implications of Parker's possession of three seemingly incompatible drugs, the circumstantial evidence here was overwhelming. Parker was arrested at 5:30 a.m. on a Sunday morning, standing alone on a street corner, carrying ten individual packets of three distinct illicit narcotics (three packets of cocaine, five packets of crack cocaine, and two packets of heroin), with no drug paraphernalia for their use. He was also carrying a semi-automatic gun (loaded with eight rounds of ammunition) and $1,170 in cash.

We have previously held that such strong circumstantial evidence, without more, can be enough to support a jury's finding of possession of narcotics with the intent to

---

[1] The District Court also concluded that Parker's *Strickland* claim failed on the performance prong. In concluding that counsel's performance was not deficient, the District Court found that Detective Meissler "never opined as to [Parker's] mental state" nor "stated that [Parker] had the intent to distribute drugs." (App. 10.) Instead, Detective Meissler "merely pointed out that certain characteristics of [Parker's] behavior were consistent with drug dealing[,]" thus placing his testimony "well within the range of permissible testimony under Rule 704(b)." *Id.* This is a close question. Detective Meissler's testimony approaches the "fine line" we identified in *United States v. Watson*, 260 F.3d, 301, 308 (3d Cir. 2001) (alterations omitted) (quoting *United States v. Mitchell*, 996 F.2d 419, 422 (D.C. Cir. 1993)), which held that expert testimony is permissible if it "merely supports an inference or conclusion that the defendant did or did not have the requisite mens rea," but leaves for the jury "the ultimate inference or conclusion[.]" *Id.* at 309 (quoting *United States v. Bennett*, 161 F.3d 171, 183 (3d Cir. 1998)) (internal quotation marks and alteration omitted); *see also United States v. Davis*, 397 F.3d 173, 179 (3d Cir. 2005) (holding as permissible expert testimony "given in response to hypothetical, rather than specific, questions regarding the intent of individual defendants on trial"). Expert testimony is impermissible, however, if it "directly refer[s] to the defendant's intent[.]" *Watson*, 260 F.3d at 309. This last inferential step does not belong to the expert, but must remain the province of "the trier of fact alone." *See* Fed. R. Evid. 704(b). We need not resolve whether Detective Meissler's testimony crossed this line given our conclusion on *Strickland*'s prejudice prong.

distribute. *See Davis*, 397 F.3d at 181 (concluding that expert's testimony "that the presence of a group of men in a car together, the number of firearms, and the lack of drug paraphernalia was consistent with intent to distribute" supported conviction, even absent any observation of defendants' actual drug sales); *see also United States v. Parish*, 606 F.3d 480, 491 (8th Cir. 2010) (concluding that circumstantial evidence, including the lack of drug-use paraphernalia, possession of a loaded gun, and the presence of an electronic scale, supported the conclusion that the defendant intended to distribute and not use narcotics, even discounting allegedly impermissible expert testimony); *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008) (concluding that circumstantial evidence, including the quantity of the drug possessed, the lack of drug-use paraphernalia, a large number of plastic jeweler's bags, a drug ledger, and testimony about the defendant's drug purchase on the day of his arrest, provided ample evidence from which the jury could infer intent to distribute).

Parker argues that the circumstantial evidence against him suffers because, at the time of his arrest, he possessed less than one gram of drugs, worth only $70. As support, Parker points to *United States v. Boissoneault*, 926 F.2d 230 (2d Cir. 1991), which held that possession of over five grams of cocaine and $1,460 in cash was insufficient to support a conviction for possession with intent to distribute. *Id.* at 233-34. But the circumstantial evidence here is significantly stronger than the circumstantial evidence in *Boissoneault*. The defendant there was arrested with a single drug and was unarmed; Parker, however, was arrested with *three* different types of illicit narcotics *and* a loaded

6

gun.  As noted in *Boissoneault*, gun possession, in addition to possessing drugs and a large amount of cash, "would have helped sustain an inference that [the defendant] was engaged in the dangerous business of drug trafficking."  *Id.* at 234; *see also Davis*, 397 F.3d at 181.

## IV.  Conclusion

Because Parker is unable to show that there is a substantial likelihood that the result of the proceeding would have been different but for his counsel's failure to object to Detective Meissler's testimony, we will affirm.