**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3379
_____

UNITED STATES OF AMERICA

v.

TYWAN NAPPER,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2:18-00070-001, 2:17-00219-005)
District Judge: Hon. Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 2, 2019
_____

Before: RESTREPO, PORTER, and FISHER, *Circuit Judges*.

(Filed: May 14, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

PORTER, *Circuit Judge*.

Tywan Napper appeals the District Court's order denying his motion to withdraw his guilty plea without a hearing on that motion, arguing that his plea counsel misled him. Because the District Court did not abuse its discretion, we will affirm.

I

As a result of a federal wiretap investigation into a drug ring, agents executed a search warrant of Napper's home, where they found heroin, fentanyl, cocaine, and cocaine base. Agents also recovered a list of Napper's co-conspirators written down with dollar figures next to their names, over $6,000 in cash, and a firearm. Napper retained attorney Stanton Levenson and pleaded not guilty to distribution and possession with intent to distribute heroin, fentanyl, cocaine, and cocaine base, and related conspiracy charges. Napper also pleaded not guilty to possession of a firearm by a felon. His plea agreement contained a standard appeal waiver.

At Napper's change-of-plea hearing, he assured the District Court that, after reviewing the plea agreement with his attorney, he understood the consequences of his guilty plea. Napper informed the Court that he was satisfied with his attorney's advice and representation, that Levenson did nothing he should not have, and that he did everything he said he would. The District Court noted that he could still raise ineffective-assistance-of-counsel claims in the appropriate forum. The Court then accepted Napper's guilty plea.

Before sentencing, Levenson withdrew as counsel and the District Court appointed Michael DeMatt to represent Napper. Months later, Napper informed the District Court that he had asked Levenson to move to suppress evidence from an allegedly illegal search

2

of his home and that, although Levenson said he had filed it, he had not in fact done so. Based on this alleged misrepresentation, Napper moved to withdraw his guilty plea, which the District Court denied without a hearing. Napper timely appealed.

II[1]

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Martinez*, 785 F.2d 111, 113 (3d Cir. 1986). We also review a denial of a hearing on that motion for abuse of discretion. *See United States v. Thompson*, 906 F.2d 1292, 1298–99 (8th Cir. 1990); *cf. United States v. Hines*, 628 F.3d 101, 104 (3d Cir. 2010) (reviewing denial of evidentiary hearing on motion to suppress for abuse of discretion); *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2005) (reviewing denial of evidentiary hearing in ineffective-assistance-of-counsel *habeas* case for abuse of discretion). "An abuse of discretion occurs only where the district court's decision is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the district court's view." *United States v. Foster*, 891 F.3d 93, 107 n.11 (3d Cir. 2018) (quoting *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010)).

III

Generally, "[a] defendant may withdraw a plea of guilty … after the court accepts the plea, but before it imposes sentences if … the defendant can show a fair and just reason

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Although Napper waived his appellate rights, the plea agreement states that "[n]othing in the foregoing waiver of appellate rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." SA 26.

3

for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears a "substantial burden" of showing a fair and just reason for withdrawing a plea. *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010). When deciding whether a defendant has made this showing, we consider whether: "(1) the defendant asserts his innocence; (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal." *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011); *see also United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The District Court found that Napper failed all three of these factors.[2]

Napper's sole argument rests on the second *Siddons–Jones* factor—the strength of the defendant's reasons for withdrawing the plea. A defendant may withdraw a guilty plea based on ineffective assistance of counsel only if (1) "the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms," and (2) "the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.3d at 253–54 (citation omitted).

Napper fails both prongs. First, he has not met his "substantial burden" of showing that a competent attorney would have moved to suppress the home search. In fact, none of his nine co-defendants, represented by nine attorneys, moved to suppress, which suggests they thought such a motion futile. At his change-of-plea hearing, Napper represented to the District Court that he was satisfied with Levenson's representation. The Court also asked

---

[2] Napper fails to satisfy the first *Siddons–Jones* factor—whether the defendant asserts his innocence. At his sentencing hearing, Napper confessed wrongdoing and took full responsibility for his actions. And he does not argue innocence on appeal.

4

if there was anything he had asked Levenson to do that he had not done, and Napper said "no, sir." Although Napper now argues that his plea was not knowing and intelligent as he did not know at the time of the plea hearing that Levenson had not moved to suppress, he still fails to establish "sufficient prejudice" because he does not establish that his motion to suppress would have likely succeeded.[3]

## IV

Finally, the District Court did not abuse its discretion in denying a hearing on Napper's motion to withdraw his plea. *See Thompson*, 906 F.2d at 1299 (holding that a hearing is not required when the allegations made in support of the motion to withdraw "are inherently unreliable, are not supported by specific facts[,] or are not grounds for withdrawal even if true"). The District Court found that Napper's claims were vague allegations lacking factual support, and Napper has not demonstrated otherwise on appeal.

For these reasons, we will affirm the order of the District Court denying Napper's motion to withdraw his guilty plea.

---

[3] On the third *Siddons–Jones* factor, Napper fails to show that the government would not be prejudiced by the withdrawal. In *Jones*, we held that the government "need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." 336 F.3d at 255. In other words, if the defendant fails to meet the first two factors, as he did here, we need not address this third factor.