NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2638
_____

UNITED STATES OF AMERICA

v.

JAMAEL STUBBS,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 1-12-cr-00009-004
(Honorable Christopher C. Conner)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2014

Before:  SMITH, SHWARTZ, and SCIRICA, *Circuit Judges*.

(Filed: August 28, 2014)


_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Defendant Jamael Stubbs was the getaway driver for an armed bank robbery. He was indicted in the Middle District of Pennsylvania and, through vicarious liability, was convicted of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Stubbs appeals his § 924(c) conviction and sentence arguing that (1) there was insufficient evidence to convict him of brandishing a firearm, and (2) the imposition of a higher mandatory sentence for brandishing a firearm violates the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because his indictment only charged him with using and carrying a firearm. Because there was sufficient evidence to convict him of brandishing a firearm and the seven-year sentence did not constitute reversible plain error, we will affirm.[1]

I.

On August 29, 2012, a grand jury in the Middle District of Pennsylvania returned a twelve-count indictment charging Stubbs with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of using and carrying a firearm during the robberies in violation of 18 U.S.C. § 924(c)(1)(A).[2] He was charged along with three co-defendants: Tristan Green, Nijul Alexander, and Jami Shabazz. Alexander and Shabazz pled guilty and testified for the prosecution.

According to Alexander's testimony, Stubbs was intimately involved in the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] The charges related to two alleged bank robberies that took place in November and December of 2007. The government withdrew the charges relating to the December robbery, and Stubbs proceeded to trial only on the offenses arising out of the November robbery.

planning and execution of the November 2007 robbery. Stubbs, Green, and Alexander planned the logistics in multiple discussions and rehearsed how the robbery would take place. The defendants had planned that Stubbs would drive Green and Alexander to the bank and, after the robbery, would drive Green and Alexander to another vehicle driven by Shabazz, where the two gunmen would switch cars to avoid police detection.

As rehearsed and scheduled, Stubbs drove Green and Alexander to the bank on the day of the robbery and remained in the vehicle while the two robbed the bank at gunpoint. According to photographs taken from bank video, bank personnel testimony, and co-conspirator admission, Green and Alexander pointed their guns at various bank personnel during the robbery. After completing the robbery, Green, Alexander, and Stubbs escaped in Stubbs's car with backpacks filled with stolen money. As they fled, dye packets contained among the stolen cash exploded. Green and Alexander threw the backpacks containing the stained money and Alexander's gun out of Stubbs's car. Police later identified those backpacks as ones purchased by Green and Stubbs a few days before the robbery at a nearby Walmart. Stubbs dropped off Green and Alexander at Shabazz's car, and the four defendants reconvened at Stubbs's house to clean the dye from his car.

At the close of the government's case, Stubbs moved for a judgment of acquittal on the armed bank robbery and firearm counts. The District Court denied the motion, concluding "there is sufficient evidence in the record from which a reasonable jury could reach a verdict of guilty." App. 862. The jury found Stubbs guilty on both counts. Although the indictment charged Stubbs with "carry[ing] and us[ing] a firearm during . . .

3

a crime of violence . . . in violation of . . . Section 924(c)(1)(A)," App. 41, the jury found that "Stubbs or a coconspirator did knowingly . . . *brandish* a firearm during . . . a crime of violence," App. 59 (emphasis added). Stubbs was sentenced to a prison term of 154 months—70 months for armed robbery under 18 U.S.C. § 2113(a) and (d), plus 84 months (seven-year) statutory minimum for brandishing a firearm during a crime of violence under § 924(c)(1)(A)(ii).[3] Stubbs filed a timely notice of appeal challenging his conviction and sentence for the § 924(c) charge. Stubbs does not challenge his conviction for armed bank robbery under 18 U.S.C. § 2113(a) and (d).

## II.

Stubbs advances two arguments on appeal, both concerning his § 924(c) conviction for brandishing a firearm during a crime of violence: (1) that there was insufficient evidence to convict him of brandishing a firearm under either a *Pinkerton* co-conspirator theory or an aiding and abetting theory of liability, and (2) that the imposition of a mandatory seven-year sentence for brandishing a firearm under § 924(c)(1)(A)(ii) violates *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because Stubbs's indictment only charged him with "carry[ing] and us[ing] a firearm," but not with the separate "brandishing" element.

## A.

Stubbs first challenges the District Court's denial of his motion for a judgment of acquittal on the § 924(c) count. Stubbs argues the government did not produce sufficient

---

[3] The crime charged in the indictment, *using or carrying* a firearm during a crime of violence, carries a five-year mandatory minimum. 18 U.S.C. § 924(c)(1)(A)(i).

4

evidence to convict him under either theory of liability charged—*Pinkerton* co-conspirator liability or aiding and abetting liability.

We exercise plenary review over the sufficiency of the evidence supporting a criminal conviction. *United States v. Moyer*, 674 F.3d 192, 206 (3d Cir. 2012). "[T]he critical inquiry . . . is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). We accord deference to the jury's verdict by viewing "the evidence in the light most favorable to the Government" and drawing "all reasonable inferences in favor of the jury verdict." *Moyer*, 674 F.3d at 206 (quoting *United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010)).

The jury found Stubbs guilty of brandishing a firearm during commission of a violent crime. Although Stubbs did not personally brandish a firearm during the bank robbery, he can be vicariously liable for the offense under either a *Pinkerton* co-conspirator theory or an aiding and abetting theory of liability. In *Pinkerton v. United States,* 328 U.S. 640 (1946), "the Supreme Court held that the criminal act of one conspirator in furtherance of the conspiracy is attributable to the other[ ] [conspirators] for the purpose of holding them responsible for the substantive offense." *United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001) (internal quotation marks and citation omitted). A defendant is liable for substantive offenses committed by co-conspirators under a *Pinkerton* theory if (1) the defendant is a party to a criminal conspiracy, (2) one or more co-conspirators committed the substantive offense in furtherance of the conspiracy, and

(3) commission of the substantive offense was reasonably foreseeable. *United States v. Ramos*, 147 F.3d 281, 286 (3d Cir. 1998).

Stubbs only challenges the sufficiency of the evidence for the first prong of *Pinkerton*, arguing that there was insufficient evidence that he entered into a conspiracy to commit an *armed* bank robbery.[4] But Stubbs's argument is unavailing. The first prong of *Pinkerton* requires only that a defendant enter into an unlawful conspiracy. *See, e.g.*, *Ramos*, 147 F.3d at 286; *United States v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997). All that the first prong of *Pinkerton* requires for Stubbs's § 924(c) brandishing count is that the jury find the defendant joined *a* criminal conspiracy. Accordingly, the first prong of *Pinkerton* liability is satisfied if Stubbs entered into an agreement to rob a bank.[5]

There was ample evidence in the record for a rational juror to find beyond a

---

[4] Stubbs does not challenge the sufficiency of the government's evidence that a co-conspirator brandished a firearm in furtherance of the conspiracy or that brandishing a firearm during the robbery was reasonably foreseeable.

[5] Stubbs points to one sentence of the district court's jury instructions to argue that the government had the higher burden of proving that he knowingly and voluntarily entered into a conspiracy to commit *armed* bank robbery *with full knowledge that guns would be used*. Appellant Br. 24. But reading the jury instructions as a whole, the district court adequately instructed the jury on the first prong of Pinkerton liability. *See* App. 964 ("What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at *some type of an agreement*, mutual understanding, or meeting of the minds to try to accomplish *a common and unlawful objective*." (emphasis added)); *id.* at 962-63 ("The government does not have to prove that . . . Stubbs specifically agreed or knew that these offenses would be committed. However, the government must prove that the offenses were reasonably foreseeable to . . . Stubbs as a member of the conspiracy and within the scope of the agreement . . . ."); *id.* at 963-64 ("The government does not have to prove . . . that all members of the conspiracy . . . agreed to all the details or agreed to what the means were by which the objectives would be accomplished."); *id.* at 965 ("The government does not have [to] prove that the alleged conspirators agreed to commit all of the crimes. The government, however, must prove that they agreed to commit at least one of the object[ive] crimes . . . ."); *id.* at 931 ("You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.").

reasonable doubt that Stubbs joined a conspiracy to rob a bank with Green and Alexander. According to Alexander's testimony, Stubbs was intimately involved in the planning and execution of the November robbery. Stubbs, Green, and Alexander planned the logistics of the robbery in multiple discussions, and they rehearsed the robbery. Furthermore, there was ample evidence that the robbery actually took place and that Stubbs participated in the commission of the crime as rehearsed. In sum, there was sufficient evidence that Stubbs entered into a criminal conspiracy with Green and Alexander and the evidence of Stubbs's role in the planning and execution of the robbery was sufficient for a rational juror to find, beyond a reasonable doubt, Stubbs vicariously liable for a violation of § 924(c)(1)(A)(ii) under a *Pinkerton* co-conspirator theory.[6]

B.

Stubbs also argues the imposition of a mandatory seven-year sentence for brandishing a firearm under § 924(c)(1)(A)(ii) violates *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because Stubbs's indictment charged him with *carrying and using* a firearm but not with the separate element of *brandishing* a firearm. Accordingly, we must

---

[6] Stubbs also challenges the sufficiency of the evidence for his conviction under an aiding and abetting theory. In a case decided during the pendency of this appeal, the Supreme Court clarified the standard for showing that a defendant aided and abetted a § 924(c) offense. *See Rosemond v. United States*, 134 S. Ct. 1240 (2014). The Court in *Rosemond* held that convicting a defendant for a § 924(c) offense under an aiding and abetting theory requires the government to prove that "the defendant actively participated in the underlying . . . violent crime *with advance knowledge* that a confederate would use or carry a gun during the crime's commission." *Id.* at 1243 (emphasis added). The defendant must have advance knowledge of the use of a firearm so that he or she has the opportunity "to make the relevant legal (and indeed moral) choice" to join the criminal venture or "to quit the crime." *Id.* at 1249. Since we find the evidence sufficient to convict Stubbs under a *Pinkerton* theory of vicarious liability, we need not decide whether there was sufficient evidence of Stubbs's advance knowledge under *Rosemond*.

7

address (1) whether the "brandishing" element of § 924(c) must be charged in an indictment, and, if so, (2) whether its omission constitutes reversible plain error.

1.

A person who *uses or carries* a firearm during a crime of violence faces a consecutive sentence of at least five years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). A person who *brandishes* a firearm during a crime of violence faces a consecutive sentence of at least seven years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii). Stubbs's indictment charged him with "carry[ing] and us[ing] a firearm during . . . a crime of violence . . . in violation of . . . Section 924(c)(1)(A)." App. 41. But the jury convicted Stubbs of "brandishing" a firearm during the armed robbery, which carries a higher mandatory sentence under § 924(c)(1)(A)(ii). App. 59. The additional "brandishing" element increased his mandatory minimum sentence from five years to seven years.

Less than a month after Stubbs was sentenced, the Supreme Court decided *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that—under the Fifth and Sixth Amendments to the United States Constitution—any fact that increases the penalty for a crime beyond a statutory *maximum* constitutes an element of a crime that must be charged in the indictment and proved to the jury beyond a reasonable doubt, *Alleyne* held that any fact which increases a mandatory *minimum* sentence also constitutes an element of a crime. *Alleyne*, 133 S.Ct. at 2155. The Court in *Alleyne* determined that the "brandishing" provision of 18 U.S.C. § 924(c)(1)(A)(ii)—the same element at issue here—constitutes an element of a separate,

aggravated § 924(c) offense that must be found by a jury beyond a reasonable doubt.[7] *Id.* at 2163.

The government contends that the Supreme Court's decision in *Alleyne*, unlike in *Apprendi*, did not explicitly say that the element must also be *charged in the indictment* and only requires that brandishing be found by a jury beyond a reasonable doubt. The government therefore argues that Stubbs's sentence does not run afoul of *Alleyne* because the jury in Stubbs's case found brandishing beyond a reasonable doubt. We disagree.

To adequately address the government's argument, we briefly recite the jurisprudence's evolution. In *Jones v. United States*, the Supreme Court noted that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 526 U.S. 227, 243, n.6 (1999). One year later, the Court confirmed this constitutional view expressed in *Jones*, holding that the Constitution imposes those requirements in a case involving a state statute. *See Apprendi*, 530 U.S. at 476; s*ee also United States v. Cotton*, 535 U.S. 625, 627 (2002) ("In [*Apprendi*], we held that . . . any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. In federal prosecutions, such facts must also be charged in the indictment." (internal quotation marks and citations omitted)). The *Apprendi* Court reasoned that "[i]f a defendant faces

---

[7] In so doing, *Alleyne* overruled *United States v. Harris*, 536 U.S. 545 (2002), which held that "brandishing" under § 924(c) was a sentencing factor that did not need to be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt.

punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of liberty and the stigma attaching to the offense are heightened; it necessarily follows that the defendant should not—at the moment the State is put to proof of those circumstances—be deprived of protections that have, until that point, unquestionably attached." *Apprendi*, 530 U.S. at 484.

In *Alleyne*, the Court applied the constitutional requirements announced in *Apprendi* to facts that increase a statutory *minimum* sentence. The *Alleyne* Court held that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 133 S. Ct. at 2160; *see also id.* at 2163 ("[T]here is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum."). Thus, the constitutional requirements that apply to facts that increase a statutory *maximum* apply to facts that increase a statutory *minimum*. The *Alleyne* Court concluded

> The District Court imposed the 7-year mandatory minimum sentence based on its finding by a preponderance of evidence that the firearm was "brandished." Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights.

*Id*. at 2163-64. The Court expressly relied on the fact that the brandishing element was not submitted to the jury in overturning Alleyne's sentence. That the Court did not hold in the alternative that the brandishing element was also improperly omitted from the indictment does not mean—as the government argues here—that *only some* of the

constitutional requirements of *Apprendi* apply to facts that increase a mandatory minimum. Rather, because "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum," *Alleyne*, 133 S. Ct. at 2160, the fact of brandishing is an element of the crime that "must be charged in an indictment," *Apprendi*, 530 U.S. at 476. In other words, if the failure of a federal indictment to charge an element that increased a statutory *maximum* constitutes an *Apprendi* error, *see Cotton*, 535 U.S. at 627, then the failure of a federal indictment to charge an element that increased the statutory *minimum* constitutes an *Alleyne* error. Here, the omission of "brandishing"—an element of 18 U.S.C. § 924(c)(1)(A)(ii) that increases the statutory minimum—from Stubbs's indictment is an error in light of *Alleyne*.

2.

Because the omission of the brandishing element from the indictment was not challenged before the district court, we review Stubbs's sentence for "plain error" under Federal Rule of Criminal Procedure 52(b). *See Cotton*, 535 U.S. at 631. A reversible plain error requires: (1) "an error" (2) "that is plain," (3) "that affect[s] substantial rights," and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and citation omitted). Although *Alleyne* was decided after Stubbs was sentenced, we consider whether an error was plain at the time of appellate review. *See Henderson v. United States*, 133 S. Ct. 1121, 1127 (2013).

In *United States v. Cotton*, the Supreme Court faced a question similar to the one we face here. 535 U.S. at 625. A federal indictment charged Cotton with conspiracy to

11

distribute a "detectable amount" of cocaine, but Cotton was convicted of and sentenced for conspiracy to distribute "at least 50 grams of cocaine base." *Id.* at 628. The quantity element raised the statutory maximum sentence under 21 U.S.C. § 841(b). Because *Apprendi* was decided after Cotton was sentenced but during his direct appeal, the Court in *Cotton* had to decide whether an indictment's omission of an element that increased a statutory maximum sentence constituted reversible plain error. *Id.* at 627. The Court held that although the omission of the element from the indictment was an error, it "did not seriously affect the fairness, integrity, or public reputation of judicial proceedings" because of the "overwhelming and uncontroverted evidence" that Cotton's crime involved at least 50 grams of cocaine base. *Id.* at 632-34 ("The evidence that the conspiracy involved at least 50 grams of cocaine base was overwhelming and essentially uncontroverted. . . . Surely the grand jury, having found that the conspiracy existed, would have also found that the conspiracy involved at least 50 grams of cocaine base.").

Likewise, the omission of "brandishing" from Stubbs's indictment was an error, but not one that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings" because the evidence that at least one of Stubbs's co-conspirators brandished a firearm during the bank robbery was "overwhelming and uncontroverted." *Cotton*, 535 U.S. at 633-34. Photographs taken during the robbery from the bank's surveillance video show Stubbs's co-conspirators pointing guns at bank employees. One of Stubbs's co-conspirators testified that he brandished a gun during the bank robbery. And several bank personnel testified at trial that firearms were pointed at them during the robbery. Moreover, there was no evidence challenging or undermining the fact that

12

firearms were brandished during the bank robbery. Based on this evidence, the grand jury, having found that the conspiracy existed, would have also found that the crime involved brandishing firearms. Because of the "overwhelming and uncontroverted" evidence of brandishing a firearm, the *Alleyne* error here "did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 632-33. Accordingly, Stubbs's sentence for brandishing a firearm under § 924(c)(1)(A)(ii) does not constitute reversible plain error.

III.

For the foregoing reasons, we will affirm Stubbs's conviction and sentence.