# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30112

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MYRON SAUNDERS; LAMAR NERO,

Defendants - Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-141

Before JOLLY and DENNIS, Circuit Judges, and RAMOS*, District Judge.

PER CURIAM:**

Myron Saunders and Lamar Nero (collectively, the "defendants") appeal their convictions and sentences stemming from a conspiracy to rob banks in New Orleans, Louisiana, from June 2011 until December 2011. A jury convicted the defendants on one count of conspiracy, one count of carrying a

---

* United States District Judge for the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30112

firearm during a crime of violence, two counts of robbery based on incidents that occurred in June and November 2011, and one count of attempted robbery based on an incident on December 24, 2011.[1] According to the defendants, the district court erred by refusing to grant a mistrial after a juror expressed reservations regarding his continued participation in the trial and by submitting an incorrect verdict form to the jury. Defendant Nero also challenges the jury instructions as to his firearm conviction. Finally, both defendants challenge the district court's decision at sentencing to apply two enhancements—a dangerous weapon enhancement and an abduction enhancement. Based on our thorough review of the record and arguments of the parties and with the benefit of oral argument, we AFFIRM.

I.

A.

1.

Both defendants challenge the district court's denial of a mistrial, which we review for abuse of discretion. *United States v. Nieto*, 721 F.3d 357, 369 (5th Cir. 2013). Here, the defendants sought a mistrial on the basis that multiple jurors expressed fears or reservations regarding their jury service. The district court received a note from Juror 5 during the trial in which Juror 5 indicated that she was uncomfortable because she recognized an individual in the courtroom during the trial and, consequently, claimed that she did "not feel safe being a juror on this case." Juror 5 discussed her concerns with Juror 6 and several other jurors. After receiving the note from Juror 5, the district court questioned each of the jurors individually and ultimately dismissed Jurors 5 and 6, replacing them with alternates. The defendants argue that the

---

[1] The defendants were also charged with an attempted robbery on December 10, 2011, but they were acquitted on that count.

district court should also have dismissed Juror 11, who told the district court that he was aware of Juror 5's comments and had a concern "in the back of [his] mind" regarding his safety.

The district court did not abuse its discretion by concluding that the trial could continue with the remaining jurors. Juror 5's concerns were vague, as she never indicated that she was threatened by any individual in the courtroom and was not even sure if the individual she observed in the courtroom was associated with either defendant. *See United States v. Spinella*, 506 F.2d 426, 428 (5th Cir. 1975) (concluding that several telephone calls to jurors were not inherently prejudicial because they "were vague and not explicitly related to any matter at issue in the trial"). The district court also conducted a thorough examination of all jurors, including Juror 11, and concluded that "[b]ased on this Court's impression firsthand and direct opportunity to observe all the jurors," the trial should continue. *See United States v. Simtob*, 485 F.3d 1058, 1064 (9th Cir. 2007) (recognizing that the district court must react to a "colorable claim" that jurors are biased by making "some inquiry of the juror, whether through an in camera hearing or otherwise, to determine whether the allegedly affected juror is incapable of performing the juror's functions impartially"). Because the district court questioned the jurors and reached a reasonable conclusion in the light of Juror 11's repeated assertions that he could review the evidence objectively, we hold that the district court did not abuse its discretion in denying the motion for a mistrial.

2.

Second, both defendants claim that the district court committed plain error by allowing the jury to receive a jury verdict form that had the potential

3

No. 14-30112

to confuse the jury on the proper burden of proof.[2] The verdict form submitted to the jury contained the language that "we the Jury unanimously find beyond a reasonable doubt that the defendant, [with the defendant's name], is," followed by spaces in which the jurors could select "Not Guilty" and "Guilty." We will assume that the use of the verdict form is error. In doing so, we conclude that the error did not affect the defendants' substantial rights, and thus the defendants have not satisfied the third prong of plain error review. *See United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014). The district court in this case thoroughly instructed the jurors on the appropriate burden of proof, repeatedly reminding them that the defendants are presumed to be innocent and may only be convicted if the government establishes their guilt beyond a reasonable doubt. Moreover, there is no evidence that the jury was, in fact, confused by the verdict form, particularly in the light of the fact that the jury acquitted the defendants on one of the attempted robbery charges. Accordingly, we hold that the defendants have failed to show that any error affected their substantial rights.[3] *See United States v. Rodriguez*, 735 F.3d 1, 10–13 (1st Cir. 2013); *see also United States v. Cardinas Garcia*, 596 F.3d 788, 798–800 (10th Cir. 2010).

---

[2] The defendants concede that they did not raise this issue before the district court. As such, the standard of review is plain error, which means that this Court will correct an error only if: (1) the district court erred; (2) the error is clear and obvious; (3) the error affected the defendant's substantial rights; and (4) the Court should, in its discretion, rectify the error. *United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014).

[3] The defendants argue that the verdict form is structural error based on *Sullivan v. Louisiana*, in which the Supreme Court held that a state court trial judge committed reversible error by giving an unconstitutional jury instruction on reasonable doubt without requiring any showing of prejudice by the defendants. 508 U.S. 275, 280–82 (1993). In *Sullivan*, the Court concluded that there was no actual conviction because the jury never received an instruction as to the proper burden of proof. *Id.* at 278. By contrast, the jury here *did* receive a proper instruction on the burden of proof, and any error in the verdict form at most injected some confusion into the process. The facts here contrast sharply with *Sullivan*, where the jury never received a proper instruction regarding reasonable doubt.

No. 14-30112

3.

Nero also challenges his conviction for using or carrying a firearm during the first bank robbery, which occurred on June 24, 2011. *See* 18 U.S.C. § 924(c)(1)(A). Specifically, he argues that the district court gave an incorrect instruction on aiding and abetting liability to the jury because it did not instruct the jury that Nero "needed advance knowledge of a firearm's presence" *before* the June robbery occurred. *Rosemond v. United States*, 134 S. Ct. 1240, 1251 (2014). Nero did not object to the jury instruction at trial, and our standard of review is again plain error. *See Myers*, 772 F.3d at 218.

We will assume that the jury charge on aiding and abetting is inadequate under *Rosemond*. Nero's substantial rights, however, were not affected because the jury was given a correct *Pinkerton*[4] instruction. Nero does not challenge the adequacy of the district court's instruction, which states that "[a] conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of or as a foreseeable consequence of the conspiracy." We cannot agree with Nero that it was not reasonably foreseeable that Saunders would carry a gun to a bank robbery. Bank robberies are violent crimes, which often require a perpetrator to confront bank employees, customers, or security personnel. As Nero acknowledges in his reply brief, bank robbers bring firearms to a significant number of bank robberies. Even if Nero did not *know* that Saunders would

---

[4] The instruction derives its name from *Pinkerton v. United States*, in which the Supreme Court approved of a jury instruction that allowed the jury to convict each defendant in a conspiracy on the underlying substantive offenses if the defendants "were parties to an unlawful conspiracy and the substantive offenses charged were in fact committed in furtherance of it." 328 U.S. 640, 645 (1946). Specifically, the Court held that "[i]f [an overt act] can be supplied by the act of one conspirator, we fail to see why the same or other acts in furtherance of the conspiracy are likewise not attributable to the others for the purpose of holding them responsible for the substantive offense." *Id.* at 647.

No. 14-30112

bring a gun, it was reasonably foreseeable that Saunders would bring a firearm to a bank robbery. *See United States v. Wilson*, 105 F.3d 219, 221 (5th Cir. 1997) ("It is well-settled that a party to a conspiracy may be held liable for the substantive offenses of a co-conspirator as long as the acts were reasonably foreseeable and done in furtherance of the conspiracy regardless of whether he had knowledge of or participated in the substantive acts.").

Critically, Nero also ignores the *disjunctive* nature of the *Pinkerton* charge. *See United States v. Alaniz*, 726 F.3d 586, 614 (5th Cir. 2013). Both defendants were convicted on the conspiracy charge, and Saunders was convicted on the firearm charge. Saunders plainly acted "in furtherance of" the conspiracy with Nero when he brought a firearm to the June robbery. Given the copious evidence under the *Pinkerton* theory, any inadequacy in the district court's aiding and abetting instruction did not affect Nero's substantial rights. *See United States v. Stubbs*, 578 F. App'x 114, 118 n.6 (3d Cir. 2014) ("Since we find the evidence sufficient to convict Stubbs under a *Pinkerton* theory of vicarious liability, we need not decide whether there was sufficient evidence of Stubbs's advance knowledge under *Rosemond*."). Thus, we affirm the defendants' convictions.

## B.

Finally, the defendants challenge the district court's application of firearm and abduction sentencing enhancements. We observe that the district court conducted a thorough examination of the record during its sentencing hearing, and it committed no reversible error by applying the enhancements to this case.

## II.

For these reasons, the defendants' convictions and sentences are

AFFIRMED.