**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1539
_____

UNITED STATES OF AMERICA

v.

JAMAEL STUBBS,
                    Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-12-cr-00009-004)
District Judge: Hon. Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2018
_____

Before: McKEE, VANASKIE, and RESTREPO, *Circuit Judges*.

(Opinion filed: December 28, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

A jury convicted Jamael Stubbs of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). We affirmed the conviction on direct appeal.[1] Thereafter, the District Court denied his pro se motion seeking to vacate his conviction and sentence under 28 U.S.C. § 2255. However, we granted a certificate of appealability on the questions of whether trial counsel rendered ineffective assistance by failing to preserve either a sentencing challenge or a constructive amendment claim under *Alleyne v. United States*.[2] For the reasons that follow, we will affirm.

## I.

In *Strickland v. Washington*,[3] the Supreme Court "established the familiar two prong test for evaluating ineffective assistance of counsel claims, under which [a defendant] must first show that the counsel's performance was deficient and, second, that the deficient performance was prejudicial to the defendant."[4]

"To meet the first prong, counsel's performance must fall 'below an objective standard of reasonableness considering all the circumstances.'"[5] "Counsel's performance is deficient only 'when counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment.'"[6] In evaluating the conduct from

---

[1] *United States v. Stubbs*, 578 Fed. Appx. 114 (3d Cir. 2014).
[2] 133 S. Ct. 2151 (2013).
[3] 466 U.S. 668 (1984).
[4] *McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 564 (3d Cir. 2017).
[5] *Id.* (quoting *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005).
[6] *Id.* (quoting *McBride v. Superintendent, SCI Houtzdale*, 687 F.3d 92, 102 (3d Cir. 2012).

2

counsel's perspective at the time, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[7]

The inquiry under the prejudice prong is guided by "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[8] Thus, a defendant is required to demonstrate "that the decision reached would reasonably likely have been different absent the errors."[9]

## II. *Alleyne.*

Stubbs was convicted for violating 18 U.S.C. § 924(c)(1)(A), which provides in pertinent part that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:

> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Although Stubbs's indictment did not charge him with the separate element of brandishing a firearm, the jury found that Stubbs or a coconspirator "did knowingly carry, use, *and brandish* a firearm during and in relation to a crime of violence, namely bank robbery, or aided and abetted another in carrying, using *and brandishing* a firearm during and in relation to a crime of violence . . . ."[10]

---

[7] *Strickland*, 466 U.S. at 689.

[8] *Id.* at 695.

[9] *Id.* at 696.

[10] App. 216 (emphasis added).

*Alleyne* dealt with the same statute mentioned above and was argued on January 14, 2013, two weeks before the start of Stubbs's trial. The Supreme Court decided the case on June 17, 2013, eighteen days after Stubbs was sentenced. There, the Supreme Court held that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."[11] The Court in *Alleyne* determined that the "brandishing" provision must be charged in the indictment and proved to the jury beyond a reasonable doubt.[12]

We decided Stubbs's direct appeal after the Supreme Court issued its *Alleyne* decision. We held that Stubbs's brandishing conviction constituted *Alleyne* error, but we affirmed the conviction and sentence "[b]ecause there was sufficient evidence to convict him of brandishing a firearm[,] and [concluded that] the seven-year sentence did not constitute reversible plain error.[13]

The issue before us now is not whether an *Alleyne* error occurred, but rather whether Stubbs's trial counsel was ineffective for failing to preserve an *Alleyne* sentencing challenge despite the fact *Alleyne* had not yet been decided when such an objection could have been raised.

We have long held that "there is no general duty on the part of defense counsel to anticipate changes in the law."[14] At the time of Stubbs's trial, the law clearly established

---

[11] *Alleyne*, 133 S. Ct. at 2162.
[12] *Id.* at 2155.
[13] *Stubbs*, 578 Fed. Appx. at 116, 120.
[14] *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) (citing *Morse v. Texas*, 691 F.2d 770, 772 n.2 (5th Cir. 1982)); *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).

4

that the brandishing and discharge factors may be found by the court at sentencing, and need not be charged in an indictment or submitted to the jury.[15]  In order for Stubbs to overcome the deficient performance prong under *Strickland*, he bears the burden of proving that his counsel knew (or should have known) that *Alleyne* was pending and that it might have an impact on his case but chose not to raise the objection for reasons unrelated to strategy.  Stubbs fails to meet this burden.  Trial counsel's failure to object was consistent with the law at the time of trial and an attorney cannot be deficient for failing to predict changes in the law.[16]

While trial counsel should have been aware of *Alleyne* and its potential affect, given our standard of review, we cannot say that his failure to object rises to the level required to clear both the hurdles imposed under habeas relief as well as the deference afforded to trial counsel's stewardship.[17]

Because we find that Stubbs cannot defeat the deficient performance prong under *Strickland*, we need not address the prejudice prong, "as both deficiency and prejudice must be proven to support a valid claim for relief for ineffective assistance of counsel."[18]

---

[15] *Harris v. United States*, 536 U.S. 545 (2002), *overruled by Alleyne v. United States*, 133 S. Ct. 2151 (2013).
[16] *See Forte*, 865 F.2d at 62.
[17] *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977) ("[I]n habeas case the general rule is that the petitioner himself bears the burden of proving that his conviction is illegal."); *Whitney v. Horn*, 280 F.3d 240, 258 (3d Cir. 2002) (Petitioner "must establish that trial counsel's stewardship fell below an object standard of reasonableness"); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").
[18] *United States v. Travillion*, 759 F.3d 281, 294 (3d Cir. 2014) (citing *Strickland*, 466 U.S. at 687).

Thus, we conclude trial counsel was not ineffective for failing to preserve a sentencing challenge under *Alleyne* on Stubbs's behalf prior to that decision being issued.

**III.**

Stubbs makes a similar Sixth Amendment claim based on trial counsel's failure to preserve a constructive amendment challenge under *Alleyne*. Stubbs's now argues that brandishing was an element of a § 924(c) charge that must have been alleged in an indictment. No such charge was in the indictment but it was included on the jury verdict form and led to his ultimate conviction of brandishing.

An indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively "amend[s] the indictment by broadening the possible bases for conviction from that which appeared in the indictment."[19] As noted above in part II, *Harris* was the applicable law at the time of Stubbs's trial. Under *Harris*, whether or not brandishing was included in the indictment or the jury verdict form, the sentencing judge would have the discretion to determine the applicable mandatory minimum punishment despite a finding by the jury.[20] Therefore, for the reasons stated above, we, again, conclude Stubbs cannot show that his trial counsel's performance was deficient.

Furthermore, there was no "broadening" of the overall charge against Stubbs, and no constructive amendment of the indictment when brandishing was put to the jury.[21]

---

[19] *United States v. Lee*, 359 F.3d 194, 208 (3d Cir. 2004).
[20] *See Harris*, 536 U.S. at 558.
[21] *See United States v. Vosburgh*, 602 F.3d 512,532 (3d Cir. 2010) ("If a defendant is convicted of the same offense that was charged in the indictment, there is no constructive amendment."); *see also* Government Br. 36 ("The superseding indictment *not* limit [Stubbs's] charge to any particular subsection . . . . While it did not explicitly state that

6

Accordingly, Stubbs's trial counsel was not ineffective for failing to preserve a constructive amendment challenge under *Alleyne* on Stubbs's behalf prior to that decision being issued.

## IV.

For the foregoing reasons, we will affirm the denial of Stubb's section 2255 petition.

---

Stubbs was accused of "brandishing" a firearm, it did accuse him of using one, and the brandishing of a weapon is certainly a type of use.").